## Case No. 6,755.

### HOWARD v. COBB.

[Brunner, Col. Cas. 75;[1] 3 Day, 309.]

Circuit Court, D. Connecticut. 1809.

EVIDENCE—PROMISSORY NOTE—ADMISSIBILITY OF ADMISSIONS OF JOINT MAKER—JURY — SEPARATION AFTER SUBMISSION OF CASE AND BEFORE VERDICT.

1. In an action upon a promissory note executed by A. and B. jointly brought against B. only, after the bankruptcy of A., under the laws of the United States, it was *held* that the admissions of A. were evidence against B.

[Cited in Bound v. Lathrop, 4 Conn. 339.]

2. If the jury separate after a case is committed to them, and before they have agreed in a verdict, and afterwards return a verdict, it will be set aside. But neither the jurors nor the officer to whose care they were committed can be compelled to testify to the fact of such separation.

This was an action [by Stephen Howard] on a joint note signed by Ashbel Stanley and

¹ [Reported by Albert Brunner, Esq., and here reprinted by permission.]

Jeduthan Cobb, brought against Cobb only, it being alleged that Stanley, since the execution, had become a bankrupt under the laws of the United States. The defendant pleaded a discharge in full to Stanley. On this plea issue was joined, it being contended by the plaintiff that the discharge was forged.

Mr. Daggett, for plaintiff, offered the declarations of Stanley in evidence to prove that he had acknowledged the debt to be due long after the discharge purported to have been executed.

Mr. Goddard, for defendant, objected to the admission of this evidence, on the ground that, as Stanley was absolved from the payment of this note by his certificate, he could be examined as a witness; and therefore his declarations could not be proved.

BY THE COURT: If Cobb should be compelled to pay this note, he could compel Stanley to indemnify him (it had been stated by the counsel on one side, and assented to on the other, that Cobb signed the note only as surety for Stanley), as it would be a debt accruing after the bankruptcy of Stanley. His declarations, therefore may be proved.

The plaintiff obtained a verdict.

The defendant moved in arrest of judgment. The principal ground was that the jury had separated and mingled with the inhabitants of New Haven before they had agreed upon a verdict.

The fact was not conceded, though the counsel for the plaintiff stated that this had been the general practice in Connecticut; that juries had always separated when they pleased.

Mr. Goddard, for defendant, called upon one of the jury as a witness to establish the fact of such separation.

The Court informed the juror that he should not be compelled to answer, as it was a misdemeanor in him, but that he might answer if he pleased. The juror declined answering.

The deputy-marshal to whose care the jury had been committed was then called.

The Court said that he could not be compelled to answer unless he pleased. He declined.

The counsel for defendant then proposed to wait until the rest of jury should come in, observing that perhaps some of them would be willing to testify.

The Court said that they would not wait a moment in such a case as this.

The counsel for defendant then offered to prove the declarations of the jury, as evidence of the fact in controversy.

The Court said they would not hear such declarations. They expressed. however, a clear opinion that judgment must have been arrested if it had been proved that the jury separated before they had agreed upon a verdict. The statute of this state (Gen. St. tit. 6, c. 1, § 11) they considered so explicit and imperative that it could not be evaded. let the practice be ever so universal against it.

In the next case the court appointed an officer to take care of the jury, and charged him not to suffer them to separate until they had agreed in a verdict, nor to speak to them except to ask them if they were agreed.