BOUND and SAMPSON *against* LATHROP :

IN ERROR.

The acknowledgment of one of several joint makers of a promissory note, takes it out of the statute of limitations as against the others.
The admissions of one of several joint contractors, in respect of the contract entered into, are evidence against all.

This was an action, brought by *Lathrop,* against *Bound* and *Sampson,* on a promissory note, executed by them jointly and severally, dated the 19th of *February,* 1814, payable on demand. The action was commenced the 4th of *April,* 1821. The defendant *Bound* pleaded *non assumpsit infra sex annos :* the other defendant was defaulted.

On the trial before the city court of the city of *Middletown,* consisting of two aldermen, the plaintiff offered evidence to prove, that within six years next before the commencement of the action, *Sampson* had acknowledged the note in suit to be justly due. To the admission of this evidence *Bound* objected ; whereupon the parties, with the approbation of the court, agreed, that the evidence should be received ; and that the question, whether it was legally admissible, should be reserved, to be decided, by the court, af-

ter argument; and that the decision should be stated in the *Middlesex,* direction of the court to the jury. After the evidence had been given, the judges, on consultation, differed in opinion on the question; and, for that reason, omitted to state any decision in their direction to the jury. The plaintiff obtained a verdict; and the defendant, *Bound,* filed a bill of exceptions, and thereupon brought a writ of error in the superior court; which was reserved for the advice of all the Judges.

*Sherman* and *Stanley,* for the plaintiff in error, contended, That the admission of one joint obligor will not take a case out of the statute of limitations, with respect to the other. In support of this general proposition, they urged the following considerations. First, the effect of an admission, when a cause of action is barred by statute, is, *to create a legal obligation,* which, without such an admission, would not exist. Secondly, it is an universal principle, that no man can bind another, except by an authority, express or implied. Thirdly, the case discloses no express authority; and none can be implied from any relation subsisting between the defendants: they were not partners. Fourthly, it is a general rule of evidence, that the admissions or confessions of one defendant, cannot affect a co-defendant. *Phill. Evid.* 82. *Swift's Evid.* 128. *Gray* v. *Palmers &* al. 1 *Esp. Rep.* 135. Fifthly, one of two joint payees of a bill, cannot indorse for both. *Carvick* v. *Vickery, Doug.* 653. n. Sixthly, one of two joint indorsers of a bill or note, cannot, by an acknowledgment of due notice of dishonour, affect the other. *Shepherd* v. *Hawley &* al. 1 *Conn. Rep.* 369. Seventhly, to make the admissions of one co-obligor binding upon the other, so as to take away from the latter an existing right, or to create an obligation upon him, would open a wide door to collusion and fraud.

*Hotchkiss,* for the defendant in error, contended, 1. That an acknowledgment by the debtor, that the debt is justly due, is sufficient to take the case out of the statute. *Lord &* al. v. *Shaler,* 3 *Conn. Rep.* 131.

2. That in civil suits, the admissions or declarations of the parties, whether plaintiffs or defendants, are good evidence against them, and against their co-plaintiffs or co-defendants. *Phill. Evid.* 72, 3. *Bulkley &* al. v. *Landon &* al. 3 *Conn. Rep.* 76. *Grant* v. *Jackson, Peake's Rep.* 203. *Bostwick* v. *Lewis,*

1 *Day* 33.   *Howard* v. *Cobb*, 3 *Day* 309.   *Lucas* & al. v. *De la Cour*, 1 *Mau. & Selw.* 249.   *Wood* & al. v. *Braddick*, 1 *Taun.* 104.

3. That it has been *directly* decided, and has become settled law, that the admissions or declarations of one joint obligor will take the case out of the statute with respect to all. *Whitcomb* v. *Whiting*, Doug. 652. *Jackson* v. *Fairbank*, 2 H. Bla. 340. 2 *Wms. Saund.* 64. *b.* n. *Smith*, admr. v. *Ludlow*, 6 *Johns. Rep.* 267. 1 *Swift's Dig.* 305.

4. That such being the law, the plaintiffs in error cannot complain of the omission of the court below to express to the jury an opinion upon the point in controversy ; for had it been given, it must have been against them.

HOSMER, Ch. J.   At the trial of this cause before the court below, evidence was exhibited to prove, that *Daniel Sampson*, one of the makers of the note in suit, within six years next before the commencement of the plaintiff's action, acknowledged it to be justly due. The legal effect of this testimony, by reason of a disagreement between the judges, on the point, was not declared to the jury ; but from the verdict it is indisputable, that they considered it to be a waiver of the statute of limitations. If they assumed the principle of law correctly, no error has intervened.

It is well established, by a course of decisions, that an acknowledgment of the existence of the debt, within six years before the suit is brought upon it, unaccompanied with a protestation against making payment, is evidence sufficient for the jury to presume a new promise, and repels the statute of limitations. *Lord* v. *Shaler*, 3 *Conn. Rep.* 131. *Halliday* v. *Ward*, 3 *Campb.* 32., and the cases in the note to *Howe's* edition. And whether the recognition of debt was before six years had elapsed after the cause of action arose, or afterwards, is of no consequence, as it is the uniform effect of it, to subvert the principle of presumed payment, the basis on which the statute is founded.

An admission of debt by one copartner, during the continuance of the partnership, or by one joint contractor in relation to the contract, is competent proof against all. 1 *Phill. Ev.* 72, 3. The *King* v. *Hardwick*, 11 *East*, 589. *Vicary's* case, *Gilbert's Ev.* 1.—*Lucas* & al. v. *De la Cour*, 1 *Maule & Selwyn* 249. *Wood* v. *Braddick*, 1 *Taunt.* 103. *Grant* v. *Jackson*, *Peake's Rep.* 203. *Walden* v. *Sherburne*, 15 *Johns. Rep.*

409.   The declarations of a joint contractor, in respect of the contract entered into, are equally admissible, as those of a partner; for in regard to the joint debt, they have placed themselves, virtually, in this relation.   *Bostwick* v. *Lewis*, 1 *Day* 33. *Howard* v. *Cobb*, 3 *Day* 309. *Whitcomb* v. *Whiting*, *Doug.* 629. *Jackson* v. *Fairbank*, 2 *Hen. Bla.* 340.

*Middlesex,*
July,
1822.

Bound
*v.*
Lathrop.

It is unnecessary to enter further into the argument, as the point before the court, so far from possessing novelty, has received frequent and uniform determinations.   In *Whitcomb* v. *Whiting*, *Doug.* 629. decided as far back as the year 1781, it was adjudged, that the acknowledgment of one out of several makers of a joint and several promissory note, takes it out of the statute of limitations, as against the others.   " Payment by one," said Lord *Mansfield*, " is payment for all; the one acting, virtually, as agent for the rest; and in the same manner, an admission by one, is an admission by all; and the law raises the promise to pay, when the debt is admitted to be due."   The point was afterwards determined, in the same manner, in *Jackson* v. *Fairbank*, 2 *Hen. Bla.* 340. and it is entirely at rest in *Westminster-Hall.*   In the state of *New-York*, a similar determination was made, in *Smith* v. *Ludlow*, 6 *Johns. Rep.* 267. and the adjudication was followed up in the recent case of *Johnson* v. *Beardslee*, 15 *Johns. Rep.* 3.   And although the same decision was not directly made in *Clementson* v. *Williams*, 8 *Cranch* 72. it is fairly to be implied; the principle not having been questioned by the court, but the acknowledgment being declared to be insufficient.   Not a determination has been made, so far as my knowledge extends, impugning the principle of the decisions before-mentioned, except the ancient case of *Bland* v. *Haselrig*, 2 *Ventris* 151. adjudged in 1 & 2 of *William & Mary*; which case was overruled in *Whitcomb* v. *Whiting*, and since has been uniformly considered not to be law.

The case under discussion was determined correctly; and there is no error in the decision.

The other Judges were of the same opinion.

Judgment to be affirmed.