*New-London,*
July, 1830.

COIT *against* TRACY and another.

Coit
*v.*
Tracy.

A former judgment or decree of a court of competent jurisdiction, is conclusive evidence, in another suit between the same parties, of such facts as were directly in issue, in such former suit, were decided by it and were necessary to uphold it.

Therefore, where *A.*, during the pendency of an action of *assumpsit* brought by *C.* against *A.* and *B.*, filed a bill in chancery against *B.* and *C.* for a discovery in relation to the ground of such action and for an injunction against it, stating that he had agreed with *B.* to pay the debt demanded, and *B.* had in fact paid it; and the court found these facts not to be true and dismissed the bill; after which *A.*, on the trial of such action, offered testimony to prove, that he had agreed with *B.* to pay the debt in question, and that *B.* had paid it; on the objection of *C.*, supported by the record in the former suit, it was held, that such testimony was inadmissible, the decree being conclusive on that point.

But facts found by a former decree, which were not necessary to uphold that decree, do not conclude the parties.

The acknowledgment of a debt, by one joint debtor, is *admissible* evidence against all, to take the case out of the statute of limitations.

But such acknowledgment is not, under all circumstances, *sufficient* for this purpose.

Therefore, where there was a joint *indebtedness* by *A.* and *B.* to *C.*, growing out of an agency conducted by *A.* and *B.* jointly; and more than twenty years after such agency was ended, *B.* made an acknowledgment of the debt, and then, at his own expense, and with a view to obtain an advantage to himself, by a recovery against *A.*, procured a suit to be brought, in the name of *C.*, against *A.* and himself; it was held, that the acknowledgment of *B.*, under such circumstances, was not sufficient to remove the bar of the statute of limitations set up by *A.*

THIS was an action of *assumpsit*, brought by *Elisha Coit*, surviving partner of the late firm of *E. & W. Coit*, against *Benjamin Coit* and *Elisha Tracy*, commenced on the 8th of *November*, 1827. The defendant *Coit* made default of appearance. The defendant *Tracy* pleaded, 1st, *non assumpsit*; 2ndly, *non assumpsit infra sex annos.*

The cause was tried, on these issues, at *Norwich, January* adjourned term, 1830, before *Peters*, J.

The plaintiff, in support of his action, gave in evidence the record and proceedings of the superior court, on a bill in chancery, brought by *Tracy*, against *E. Coit* and *B. Coit*, with their answers and several accounts and original letters.

The bill stated, that prior to 1802, *B. Coit* and *Tracy* were indebted to *E. & W. Coit* to the amount of 1500 dollars, con-

tracted through the agency of *B. Coit;* which debt, it was agreed between them, that *B. Coit* should pay; that this debt was soon afterwards paid, by a set-off in accounts, between *B. Coit* and *E. &. W. Coit;* that for more than twenty years after such adjustment, no claim was made for this debt, by *E. & W. Coit,* or either of them; that the action at law, then pending in the superior court, [now before this Court,] was instituted and is prosecuted, either partially or wholly, for the use and benefit of *B. Coit,* by a mutual agreement or understanding between him and *E. Coit,* that no part of the judgment should be enforced against *B. Coit,* but that he (*B. Coit,*) should have for his own use such sum as should be recovered from *Tracy;* that in further pursuance of a combination between *B. Coit* and *E. Coit,* to defraud *Tracy, B. Coit* not only refused to aid *Tracy* in the defence of said action, but acknowledged and affirmed that a large part of the sum, in which *B. Coit* and *Tracy* were indebted to *E. & W. Coit,* was still due and unpaid, with intent that such acknowledgment should be given in evidence, on the trial of said action, and that *Tracy* should thereby be prevented from making any successful defence. The bill further stated, that from the books, papers and documents in the possession of *E. Coit,* it would appear, that the debt in question was fully paid, and prayed for a discovery both from *E. Coit* and *B. Coit* as to all the matters charged in the bill, and for relief by injunction, &c.

*E. Coit,* in his answer, stated, that on the 9th of *July* 1801, there was a balance of 927 dollars, 17 cents, justly due to *E. & W. Coit* from *B. Coit* and *Tracy,* for goods sold and delivered to, and purchased for them; which debt had not been contracted through the exclusive agency either of *B. Coit* or *Tracy,* but by them both; that a statement of the account, taken from the books of *E. & W. Coit,* was, at that time, rendered to *B. Coit* and *Tracy,* and the balance was by them acquiesced in and allowed; that *E. & W. Coit* had, at the same time, separate accounts with *B. Coit* and *Tracy,* neither of which accounts has ever been settled; that since the month of *May* 1804, there has been, and still is, due from *Tracy,* on his separate account, to *E. Coit,* more than 100 dollars; that on the separate account of *B. Coit,* a balance is due to him; that by agreement of parties, the debt due from *B. Coit* and *Tracy* to *E. & W. Coit,* was on interest; that on the 26th of *November* 1804, the sum of 1000 dollars was received on account of the

debt and interest due from *B. Coit* and *Tracy*, remitted by *B. Coit*, which was credited to them on that account, and is the only payment made on that account since its adjustment in 1801 ; and that the remaining balance is still justly due.

*E. Coit* further stated, in his answer, that it was his expectation and intention, that when the amount so due should be collected, so much of it as should be required to pay the balance due from him, (*E. Coit*) to *B. Coit*, should be applied for that purpose ; but there was no understanding between him and *B. Coit*, that any part of the judgment that may be recovered in the action now pending, should be remitted or discharged, except as it should be actually applied in payment of the debt due from *E. Coit* to *B. Coit* ; and except only as *B. Coit* may be supposed to have an interest in such application, has he any interest in the avails of the judgment that may be recovered in said action.

In answer to interrogatories subsequently filed, *E. Coit* stated, that had there been no accounts between him or *E. & W. Coit* and *B. Coit*, he had no doubt that he should, many years since, have required the payment of the balance due from *B. Coit* and *Tracy* ; that he did not suppose, that *B. Coit* would exact the payment of the balance due him, without *B. Coit* and *Tracy* making payment of the balance due from them to *E. & W. Coit* ; but there was no agreement or understanding with *B. Coit*, that one of those accounts should be discounted from or set off against the other ; and they have always been kept separate and distinct ; that he had, at different times, seen *B. Coit* and *Tracy*, both in *Norwich* and in *New-York*, and he did not recollect having personally demanded of either of them the payment of the balance in question ; the account being suffered to remain for the reason before stated.

*B. Coit*, in his answer, explicitly denied, that he ever agreed with *Tracy* to assume and pay the debt due from them to *E. & W. Coit*, and declared that no part of that debt had been paid, except only as the sum of 1000 dollars was remitted to them, in the month of *November* 1804, out of the joint funds of *B. Coit* and *Tracy*.   *B. Coit* further stated, in his answer, that he had admitted and stated the indebtedness of himself and *Tracy* to *E. & W. Coit*, because it was true ; and for the same reason, he has been ready and willing to pay his part of such balance, if *Tracy* would pay his part, and has made no defence to the action brought by *E. Coit* against him and *Tracy*.

He added, that the only right of *Tracy*, which could have been violated, by such acknowledgment, was the right of avoiding the payment of a just debt. This answer, though differing somewhat in the detail of particulars, corroborated, substantially, the answer of *E. Coit*.

Annexed to the answer of *E. Coit* were copies of the accounts and of all the letters, which had passed between the parties, in relation to the matter in controversy. Of these, the following letters from *B. Coit* to *E. Coit*, are the most material in the present case.

*New-London,*<br>July, 1830.<br>—————<br>Coit<br>*v.*<br>Tracy.

" *Norwich, July* 30th, 1827.

Dear Brother,

My concerns with Capt. *Elisha Tracy* are drawing to a close. It is, therefore, necessary, that you send me the account of the late house of *E. & W. Coit*, against *B. Coit* and *E. Tracy*, made from the time you received the check on the Branch Bank, *Boston, December* 1804, with the interest on the balance to this time, with directions to have it collected. I will see that it is done ; and, as soon as collected, will account with you for the same. My object is, to collect it of *Tracy*, from whom it is due, and by that means, save a debt due from him to me, that is out-lawed. I will thank you to forward it, by my son.

I am, Dear Brother,<br>Yours affectionately,

Mr. *Elisha Coit*.　　　　　　　　　*Benjamin Coit*."

" *Norwich, November* 8th, 1827.

Dear Brother,

I wrote you, last *Summer*, respecting your *E. & W. Coit's* account against *B. Coit* and *E. Tracy*, as I wished the account closed with him and myself. In your absence, your son *William* sent the account. My wish is now, that you write to Mr. *Henry Strong*, who has the account to collect, to have the balance collected ; and give your letter to my son *B.* to forward to me ; and I will see the thing attended to, and pay any expense that may be necessary. You will please to date your letters any time in the last of *October*, as it is necessary that Mr. *Strong* should have your authority for doing the business. Mr. *E. Tracy* has been called on for payment, and has done nothing about it ; and as yesterday was the last day of suing for this term, a suit was commenced, by *E. Coit* against *B.*

*Coit* and *E. Tracy.* You will, therefore, hand your letter, without delay, to *B.* to forward to me.

I am, Dear Brother,

Yours affectionately,

Mr. *Elisha Coit.*                              *Benjamin Coit.*"

The superior court found the facts stated in the answers of *E. Coit* and *B. Coit,* to be true, and the matters stated in the plaintiff's bill inconsistent with those facts, not to be true ; and thereupon dismissed the bill, with costs.

It was admitted, by the defendant *Tracy,* that in the month of *June* 1827, prior to the commencement of this action, the defendant *Coit* acknowledged, by parol, that the debt sought to be recovered in this action, had never been paid, but was then justly due.

The defendant *Tracy,* admitting the contracting of the debt, by the defendants, with *E. & W. Coit,* and not claiming to have himself paid it, but claiming that in the year 1802, he had agreed with *B. Coit* to pay it, who had in fact paid it, offered to prove, by *Simeon Thomas,* Esq., that in the year 1802, *B. Coit* did so agree to assume the payment of said debt. To the admission of this testimony the plaintiff objected ; and the judge rejected it.

The defendant *Tracy* prayed the judge to instruct the jury, first, that no parol declarations or admissions of *B. Coit* could be received to take the case out of the statute of limitations ; and secondly, if the judge should be of a different opinion, yet if the jury should find the facts, as claimed by the defendant *Tracy,* respecting the circumstances under which such admissions were made, the jury would be at liberty to disregard them, and find for the defendants, on the second issue. The judge declined giving such instruction, but, on the contrary, charged the jury, that the admissions of *B. Coit* were good and sufficient evidence to take the case out of the operation of the statute of limitations ; and further charged the jury, that so far as the facts in controversy in this suit, were found, by the superior court, on said bill in chancery, such finding was conclusive between the parties.

The jury found both issues for the plaintiff ; and the defendant *Tracy* moved for a new trial.

*Goddard* and *Law,* in support of the motion, contended, 1.

That the testimony of *S. Thomas* should have been received, <span style="float:right">*New-London,*<br>July, 1830.</span> to support the presumption that *B. Coit* had paid the debt in question, and to impair the effect of his admission that he had not, and thus to counteract his fraudulent attempt thereby to <span style="float:right">Coit<br>*v.*<br>Tracy.</span> save a debt against *Tracy,* which, he says, in his letter of *July* 30th, 1827, " *is outlawed."*

2. That the decree of the court of chancery, in the case of *Tracy* v. *E. Coit* and *B. Coit,* was not *conclusive* between the parties in this suit : first, because the same point was not in issue. The only charge in issue, upon which relief was sought, was that of a fraudulent combination and confederacy. *That* could only be proved against *two* or more. This decree was introduced, to prove, that the debt in question had not been paid. Suppose it had been paid ; would a fraudulent combination to suppress proof of it, have *necessarily* existed ? Clearly not. Proof was sought to be discovered and furnished by *E. Coit,* to establish the fact of payment *in a court of law ;* but the court of *chancery* was not asked to find the fact, or do any thing upon the credit of that fact alone. At any rate, the fact of payment was not *essential* to the decree ; as it must have been, to be conclusive. *Stark. Ev.* 198. 205. *Bradford* v. *Bradford,* 5 *Conn. Rep.* 127. 131.

But secondly, a former judgment or decree is but *presumptive* evidence of the truth of the facts found ; and where the fact found is the payment of a debt, and the whole record shews *how* it was paid, it *concludes* nothing ; the presumption may be rebutted ; and the evidence is to be sent to a jury *to weigh. Church* v. *Leavenworth,* 4 *Day* 274.

3. That the admissions of *B. Coit,* under the circumstances which appear in this case, do not remove the bar of the statute of limitations. The doctrine that the acknowledgment of one joint debtor will deliver the case from the operation of the statute as to both, originated in the idea of a community of interest and design. Lord *Mansfield* first adopted the doctrine, as to *joint notes,* and held, that an admission of one, was an admission by all, that the debt was due. *Whitcomb* v. *Whiting, Doug.* 652. The old case cited from 2 *Vent.* 151. (*Bland* v. *Haslerig*) does not support the doctrine. In the case of *Carwick* v. *Vickery,* cited *Doug.* 653. n. upon the *Maydwells'* bill, the court adopted the notion, that the two *Maydwells,* by making the bill payable to " *our* order," had made themselves *partners* as to this transaction. Afterwards, in the same case,

Coit
v.
Tracy.

Lord *Mansfield* admitted evidence of contrary usage ; the jury, *una voce*, said they knew it ; and decided against the doctrine. In *Shepard* v. *Hawley*, 1 *Conn. Rep.* 374. this Court recognized the doctrine of that jury as law. In *Grant* v. *Jackson*, *Peake's Ca.* 203. Lord *Kenyon* places the answer in chancery, which was given in evidence, on the ground of *partnership ;* and says, that " when once a partnership is established, the admission of one may bind all." He adds : " If *Hesenclever* (who put in the answer,) had obtained his certificate, and been discharged, at the time he put in this answer, I think there would have been a formidable objection to the evidence." But even in the case of a partnership, it has been decided, that *after a dissolution*, one partner cannot bind his copartner, by acknowledging an account, any more than he can give a note to bind him. *Hackley* v. *Patrick*, 3 *Johns. Rep.* 536. See, also, *Walden* v. *Sherburne*, 15 *Johns. Rep.* 424. In the present case, *B. Coit* had a direct interest in making the admissions, *viz.* to save a debt against *Tracy*. He owned the whole suit, and its fruits. His admissions are really declarations in his own favour ; and if they are to be received, he will be allowed thus to make evidence for himself. This would be a perversion of the principle, on which the acknowledgment of a joint debtor, has, in any case, been received, and a violation of the fundamental maxim, *Nemo debet esse testis in propria causa.*

But if the acknowledgment of *B. Coit* was admissible at all, for the purpose for which it was offered, the judge, instead of instructing the jury, that it was *sufficient*, should have advised them, as Lord *Ellenborough* did, in another case, that it was not enough to take the case out of the statute. *Holme* v. *Green*, 1 *Stark. Rep.* 488. The judge in effect withdrew from the consideration of the jury the peculiar circumstances under which the admission was made. The defendant is entitled to a new trial, if on no other ground, that the jury may pass upon the whole case.

*H. Strong*, contra, insisted, 1. That the same facts having been at issue, in a former suit between the same parties, and there decided, they are concluded, by such decision. The rejection of *Thomas's* testimony and the charge to the jury as to the effect of the decree, were, therefore, right. 1 *Stark. Ev.* 191. 198. 1 *Phill. Ev.* 254. *Swift's Ev.* 10. *Betts* v. *Starr*, 5 *Conn. Rep.* 550. *Denison* v. *Hyde*, 6 *Conn. Rep.* 516. *Hopkins* v. *Lee*, 6 *Wheat.* 109.

New-London,
July, 1830.

Coit
v.
Tracy.

2. That an acknowledgment by one joint debtor, by which he makes himself liable for the debt, extends to and binds his co-debtor. This results, in the first place, from the general rule of evidence, that in civil suits against several persons, who have a joint interest in the decision, a declaration made by one concerning a material fact, is evidence against him and those having a joint interest with him. *Gilb. Ev.* 59. *Rex* v. *The Inhabitants of Hardwicke*, 11 *East* 589. *Lucas* v. *De La Cour*, 1 *Mau. & Selw.* 250. *Wood* v. *Braddish*, 1 *Taun.* 104. *Grant* v. *Jackson*, *Peake's Ca.* 203. *Howard* v. *Cobb*, 3 *Day* 309.

Secondly, this point has been decided directly, and unanimously, by this Court. *Bound & al.* v. *Lathrop*, 4 *Conn. Rep.* 336.

Thirdly, it has been so decided, in *England*, and in our sister states. In *England. Whitcomb* v. *Whiting*, *Doug.* 652. *Perry* v. *Jackson*, 4 *Term Rep.* 519. per Lord *Kenyon. Jackson* v. *Fairbanks*, 2 *H. Bla.* 340. *Haliday* v. *Ward*, 3 *Campb.* 32. *Holme* v. *Green*, 1 *Stark. Rep.* 489. (admitted.) *Peckham* v. *Raynal*, 2 *Bing.* 306. See also cases of acknowledgment by an agent, where it has been held binding on the principal, so as to take the case out of the statute of limitations. *Palethorp* v. *Furnish*, 2 *Esp. Rep.* 511. *Burt* v. *Palmer*, 5 *Esp. Rep.* 145. *Gregory* v. *Parker*, 1 *Campb. Rep.* 394. *Anderson* v. *Sanderson*, *Holt's N. P. Ca.* 591. In *New-York. Smith* v. *Ludlow*, 6 *Johns. Rep.* 267. *Johnson* v. *Beardslee*, 15 *Johns. Rep.* 3. *Hammon* v. *Huntley*, 4 *Cowen* 493. *Hopkins* v. *Banks*, 7 *Cowen* 650. In *Massachusetts. Hunt* v. *Bridgham*, 2 *Pick.* 581. *Frye* v. *Barker*, 4 *Pick.* 382. In *Virginia. Shelton* v. *Cocke & al.* 3 *Munf.* 191.

3. That there is nothing in this case to exempt it from the operation of the general rule. The plaintiff being appealed to, says on his oath, that the debt has never been paid. *Tracy* does not claim to have paid it ; but that *B. Coit* agreed to pay it. *B. Coit* denies this agreement ; but says, that the debt is now due. It has been found, as between the defendants, that neither has paid it ; and by the chancery suit, it is found, that *B. Coit* had no interest in making the acknowledgment.

DAGGETT, J. The motion states, as grounds for a new trial, the rejection of *S. Thomas's* testimony ; the opinion of the judge delivered to the jury, that so far as the facts in contro-

versy in this suit were found by the superior court on the bill in chancery, the finding was conclusive between the parties ; and that the acknowledgment of *B. Coit,* in 1827, was good and sufficient evidence to take the case out of the statute of limitations.

1. Was the testimony of *Simeon Thomas* properly rejected ? It is here to be observed, that the defendant *Tracy,* never denied, that the debt was contracted as set forth in the plaintiff's declaration. He insisted, that it was paid ; and if not paid, that the plaintiff was barred of a recovery, by the statute of limitations. In proof of payment, he offered the witness to testify, that *B. Coit,* the other defendant, had agreed with him to pay it, and that he had in fact paid it. It appears, that the defendant *B. Coit,* was a brother of the plaintiff and his deceased partner ; that there were, and for a long time had been, unsettled accounts between them ; and that the present demand against *B. Coit* and *E. Tracy* had been of upwards of twenty-five years standing. This witness was offered to prove, that *B. Coit* had agreed with *E. Tracy* to assume the payment of this debt.

In the view I take of this case, this proof was correctly rejected ; because I think, that the point must have been decided on the bill in chancery, and that it so appears on the decree. Why then should the defendant be permitted to draw in question that fact again ? 1 *Stark. Ev.* 191. 198. *Swift's Ev.* 10. *Denison* v. *Hyde,* 6 *Conn. Rep.* 508. 516. *Hopkins* v. *Lee,* 6 *Wheat.* 109. Had the court below been of the opinion that the facts being true as stated in the defendant's answer, the plaintiff was not entitled to relief, for that he had adequate remedy at law, it should have so appeared. It now appears by the decree, that this debt had not been paid.

2. It is again insisted, by the defendant, that the opinion of the court that the facts found by the decree were conclusive, was incorrect. And so I think. The true doctrine is, that facts found sufficient to uphold the decree, conclude the parties, and nothing else. *Hotchkiss* v. *Nichols,* 3 *Day,* 138.

3. The great question, however, in this case, is, whether the charge to the jury, that the acknowledgment of *B. Coit,* was good and sufficient evidence to take the case out of the statute, under the circumstances which appear on this motion, was correct. The doctrine that the acknowledgment of one joint debtor will take a case out of the statute of limitations, has

been sanctioned in *Great-Britain,* and by this Court. *Whit-* New-London, comb v. *Whiting, Doug.* 652. *Bound* & al. v. *Lathrop,* 4 July, 1830. *Conn. Rep.* 336. So the admission of one copartner, *during the continuance of the copartnership,* or by one joint contractor, in relation to the contract, is competent proof against all. This doctrine rests on this plain principle, that the confession of a party in interest, when made against his interest, is always evidence ; and as his interest in the cases supposed, is identical with that of the other copartner, joint obligor or joint contractor, so his admissions have a controuling operation. But suppose that a partnership had been dissolved twenty years ; shall one of the partners, who perhaps is insolvent, by his acknowledgment, set up a stale demand against his solvent partner ? Or, as was attempted to be shewn in this case, shall one of two debtors in a single agency, ended more than twenty years since, set up a claim where his interest is entirely in favour of its being enforced ? Shall he cause a suit to be brought and agree to pay all costs, and then, by his admissions, support that suit ?

But it is said, the declarations of the party to the record, are always *admissible. Bauerman* & al. v. *Radenius,* 7 *Term Rep.* 663. *Bulkley* & al. v. *Landon* & al. 3 *Conn. Rep.* 76. True ; but here the acknowledgment was holden, by the court, good and sufficient. See *Peck* v. *Botsford* & al. 7 *Conn. Rep.* 172. It is, indeed, a stubborn rule of law, that the declarations of the party are admissible evidence ; but are they always *sufficient ?* In the case last cited, it was otherwise decided, in *June* 1828.

Even in the case of partners, an acknowledgment by one partner, *after the partnership is dissolved,* is not sufficient to revive a debt barred by the statute of limitations. *Clementson* v. *Williams,* 8 *Cranch* 72.

It appears, in this case, that there was a joint agency, conducted by the defendants, and ended more than twenty years before the confessions of *B. Coit.* It also appears, that he has procured the commencement of the present suit, and, in some way, (no matter how,) promises to himself an advantage, by a recovery against the defendant, *E. Tracy.* To declare that acknowledgments made under such circumstances shall have the effect of removing the bar, would be a perversion of the principle on which such testimony is admitted.

Coit
v.
Tracy.

*New-London,*
July, 1830.

Coit
*v.*
Tracy.

There must, therefore, be a new trial.

The other Judges were of the same opinion.

New trial to be granted.