AUSTIN and another *against* BOSTWICK and another.

The acknowledgment, by one of two partners, of a debt against the partnership, as just and still due, is admissible evidence in an action against both, to remove the bar of the statute of limitations, although such acknowledgment was made after the dissolution of the partnership, and the party making it was then insolvent.

If it appear that such acknowledgment was made by one partner, with a view of fixing a liability on his late co-partner, it will be entitled to little weight; but if it were made honestly, and will operate against him who made it, it will not be considered as destitute of weight.

Where the evidence relied on, to take a joint debt out of the statute of limitations, consists of acknowledgments made by both the debtors, no joint act by them is necessary, to render such acknowledgments effective.

Where the attorney of the plaintiff, meeting one of the defendants, observed to him, that the plaintiff's account against them was in his hands; to which such defendant replied, that "it was one of the old copartnership debts; the plaintiff ought to do with it as the other creditors had done—accept 15 cents on the dollar—he would pay *that,* at any time;" it was held, that this was an acknowledgment of a debt still due.

It is immaterial, as to the effect of an acknowledgment of indebtedness, whether it was made before or after the statute of limitations had attached; the effect of the acknowledgment, in both cases, being, to place the debt, in point of limitation, upon the footing of one contracted at that time.

THIS was an action of book debt, against *Charles Bostwick* and *Israel Gilbert*, late merchants in company under the firm of *Charles Bostwick & Co.*, commenced on the 24th of *August*, 1831. The defendant *Gilbert* pleaded the statute of limitations. Replication, that the cause of action accrued within six years; on which issue was joined to the court.

The cause was tried, on this issue, at *New-Haven*, adjourned term in *October*, 1832, before *Daggett*, J.

It was admitted, that the last article in the plaintiffs' account was delivered in *April*, 1825; and that more than six years had elapsed between the time when the cause of action accrued, and the commencement of the suit; and therefore, it was barred by the statute of limitations, unless something appeared to remove the bar. From a period anterior to the delivery of the first article in the plaintiffs' account, until the 1st of *September*, 1825, the defendants were partners in business; *Bostwick* transacting the business of the firm at *New-Haven*, and *Gilbert*, at *Augusta*, in *Georgia*. At the time last mentioned, the partnership became insolvent, and was dissolved; and *Bostwick* has ever since continued insolvent. The plaintiffs offered evidence to prove, that in *November*, 1831, after this suit was instituted, and of course, after the statute of limitations had attached upon the debt, *Bostwick* made a written acknowledgment, at the foot of a copy of the plaintiffs' account, in these words:

"The above is a just account against the late firm of *Charles Bostwick & Co.*, and is now due from said firm to said *Austin & Robinson*. 25th *November*, 1831.

*Charles Bostwick.*"

This evidence was objected to, by the defendant *Gilbert*; but the court admitted it.

The plaintiffs then offered the testimony of *Dennis Kimberly*, Esq. to the following effect: That meeting *Gilbert*, in *June*, 1830, before the six years had elapsed, he said to him, that he had the account of *Austin & Robinson*, (the plaintiffs,) in his hands; to which *Gilbert* replied, that it was one of the old copartnership debts, and he thought they ought to do with it as the other creditors had done; that he wondered that they did not persist in their claim in *Georgia*, when they sent it there; that he had paid the other co-partnership creditors either 10 or 15 cents on the dollar, and that he was willing to

*New-Haven,*
*July,* 1833.

Austin
*v.*
Bostwick.

New-Haven,
July, 1833.

Austin
v.
Bostwick.

do the same with the plaintiffs, and would pay that per cent-age at any time, and wished to learn from them whether they would take it ; that he also asked how much he could make it cost the plaintiffs before they could get their money, and how much it would cost him to defend.   To the admission of this evidence the defendant *Gilbert* objected ; but the court admitted it.

*Gilbert* then claimed that the evidence so introduced by the plaintiffs, was insufficient to authorize a recovery in the cause ; but if the plaintiffs were entitled to recover any thing, they could recover only the amount of the per centage offer-ed by *Gilbert*, at the time of his conversation with the witness.   But the court decided, that the evidence was sufficient to remove the bar of the statute of limitations, and rendered judgment against the defendants for the whole amount of the account and interest.

The defendant *Gilbert* thereupon moved for a new trial, claiming, that these decisions of the court were erroneous.

*R. S. Baldwin*, in support of the motion, contended, 1. That the acknowledgment, by one partner, after the dissolution of the partnership, of a debt against the partnership, will not bind the other partner.   *Hackley* v. *Patrick*, 3 *Johns. Rep.* 536.   *Walden* v. *Sherburne*, 15 *Johns. Rep.* 409. 424. And upon the same principle, the recognition of an indebtedness, or a promise of payment, by one partner, after the dissolution of the partnership, will not take the case out of the statute, after it has attached upon the debt, or prevent it from running, if made before the six years have elapsed.   The cases of *Whitcomb* v. *Whiting*, *Doug.* 652. and *Bound* & al. v. *Lathrop*, 4 *Conn. Rep.* 336. proceed on ʔthe ground of a *continuing partnership* in relation to the joint debt.   The same doctrine is recognized in 3 *Kent's Com.* 25, 6. and the authorities there cited.   Besides, *Whitcomb* v. *Whiting* is doubted in *Atkins* v. *Tredgold*, 2 *Barn. & Cres.* 23. ; and the fraud and collusion resulting from it have occasioned the act of 9 *Geo.* 4. *c.* 14.   The acknowledgment of *Bostwick*, then, could have no operation upon *Gilbert*, either to create a new cause of action, or to revive the old one.

2.   That the declarations of *Gilbert* to the plaintiffs' attor-ney, had they amounted to an explicit acknowledgment of the

debt, could not have prevented the statute from running upon <span style="float:right">*New-Haven,* <br> *July,* 1833.</span> it: first, because the partnership had ceased ; secondly, because

<span style="float:right">Austin <br> *v.* <br> Bostwick.</span>

*Gilbert* never had any agency in the business at *New-Haven ;* and thirdly, because his declarations were not made by him in the character of a partner, but as an individual.

3.   That the declarations of *Gilbert* did not amount to an unqualified acknowledgment of the original justice and continued existence of the debt.   *Lord* & al. v. *Shaler,* 3 *Conn. Rep.* 131.   *Lord* & al. v. *Harvey,* 3 *Conn. Rep.* 370. 372. *Marshall* v. *Dalliber,* 5 *Conn. Rep.* 480.   *De Forest* & al. v. *Hunt,* 8 *Conn. Rep.* 179. 185.

4.   That if any promise was made by *Gilbert,* it was a *conditional* one, and could be enforced only as such.


*N. Smith* and *Kimberly,* contra, contended, 1. That the acknowledgment of *Bostwick* and the testimony relative to the declarations of *Gilbert,* were both *admissible,* as being the declarations of the party to the record, and as conducing to prove the issue.   In the first place, proof of an unqualified acknowledgment made by the debtor within six years of the commencement of the action, that the debt is then *unpaid,* repels the presumption of payment, and removes the bar.   2 *Stark. Ev.* 892, 4, 5.   *Lord* & al. v. *Shaler,* 3 *Conn. Rep.* 131.   *De Forest* & al. v. *Hunt,* 8 *Conn. Rep.* 185.   Secondly, it is immaterial whether the acknowledgment be before or after the statute has attached.   4 *Conn, Rep.* 338.   *Yea* v *Fouraker,* 2 *Burr.* 1099.   *Danforth* v. *Culver,* 11 *Johns. Rep.* 146.   Thirdly, the effect of the acknowledgment being merely to keep alive the original debt, and not to constitute a new contract, no *joint act* of the defendants was necessary to take the case out of the statute.   *Baxter,* admr. v. *Penniman,* 8 *Mass. Rep.* 133, 4.   *Lord* & al. v. *Shaler,* 3 *Conn. Rep.* 131.

2.   That the evidence introduced was *sufficient* to remove the bar, and authorize a recovery.   In the first place, the written acknowledgment of *Bostwick,* was, as to himself, undoubtedly, a sufficient recognition of the debt.   Secondly, the declarations of *Gilbert* were made within the six years ; were made with express reference to the precise debt ; and amounted to an unqualified acknowledgment that it was then unpaid. *De Forest* v. *Hunt,* 8 *Conn. Rep.* 180.   Thirdly, the offer of

New-Haven, July, 1833.

Austin
v.
Bostwick.

Gilbert to pay 15 cents on the dollar of the debt, was no qualification of the acknowledgment that the whole debt was due.

3. That the acknowledgment of *Bostwick* was, of itself, sufficient to take the case out of the statute. The original debt or contract being admitted, the acknowledgment of one joint debtor or co-obligor, who is still liable, will remove the bar of the statute of limitations as to all, on the principle of a community of interest. *Whitcomb* v. *Whiting, Doug.* 652. *Jackson* v. *Fairbank,* 2 *H. Bla.* 340. *Bound* & al. v. *Lathrop,* 4 *Conn. Rep.* 336. *Coit* v. *Tracy* & al. 8 *Conn. Rep.* 276. *Hunt* v. *Brigham,* 2 *Pick.* 581. *Frye* v. *Barker,* 4 *Pick.* 382. *Getchell,* admr. v. *Heald* & al. 7 *Greenl.* 26.

It makes no difference that the defendant *Bostwick* was insolvent. It was no less against his interest to acknowledge the debt due to the plaintiffs; nor was it any more his interest to subject his co-debtor. It is not the case of a bankrupt discharged, as was the case of *Brandram* v. *Wharton,* 1 *Barn. & Ald.* 463.; nor is the suit prosecuted for the benefit of the person making the acknowledgment, as was the case of *Coit* v. *Tracy* & al. 8 *Conn. Rep.* 276.

The principle is no less applicable to the case of co-partners, *after dissolution* than before. They are still joint debtors; all liable to the creditor; and each liable to the other; having, in every respect, the same common interest. A payment by one, is a payment for all; and a discharge of one, is a discharge of all.

DAGGETT, Ch. J. The acknowledgment of *Bostwick,* one of the two defendants, was sufficient evidence against *him;* and there being nothing else in the case, this would doubtless remove the bar created by the statute of limitations, and render him liable. *Gilbert,* the other defendant, and the co-partner with *Bostwick,* contended on the trial, that the acknowledgment of *Bostwick,* under the circumstances of his bankruptcy and the co-partnership being dissolved, laid no foundation for a new promise, which, it was insisted, must be proved, to warrant a recovery. He further contended, that his own declarations could not have this effect, for two reasons: first, because they were no evidence of a promise to pay the debt; secondly, because they were not made simultaneously with any declaration of *Bostwick,* and therefore, they could have

no operation in the case, to create a joint promise; and further, they were made before the statute had attached upon the debt.

1. In relation to the admission of the acknowledgment of *Bostwick*, after the dissolution of the co-partnership, and when he was a bankrupt, this court expressed its opinion, very decidedly, in the case of *Coit* v. *Tracy* & al. 8 *Conn. Rep.* 268. Such testimony is always *admissible*, coming from a party to the record. What it *proves*, is another and different question. If from other facts it appears, that such testimony is given, by the party, with a design to fix a liability on another, it will weigh little. If, as in this case, it come honestly, and will operate against him who makes it, there is no ground for considering it as destitute of weight.

2. Did the defendants each acknowledge the debt due? That *Bostwick* did, is not denied or doubted; and there is as little ground to say, that *Gilbert* did not. He said, it was one of the old *co-partnership debts;* they ought to do with it as the *other creditors had done*—accept 10 or 15 cents on the dollar—*he would pay that*, at any time. If by this language the debt is not admitted to be due, it may be difficult to find words to express the idea. Every one must understand the defendant as saying " the debt is due—I will pay a portion of it, as I have of the other partnership debts."

The recent examination of this question, by this court, in several cases, renders it quite unnecessary to cite authorities, or go into a course of reasoning, to shew, that the recognition of a debt as originally just, and still due, is sufficient to remove the bar created by the statute of limitations. *Lord* & al. v. *Shaler*, 3 *Conn. Rep.* 131. *Bound* & al. v. *Lathrop*, 4 *Conn. Rep.* 336. *Marshall* v. *Dalliber*, 5 *Conn. Rep.* 480. *De Forest* v. *Hunt*, 8 *Conn. Rep.* 179. It is believed, that the whole course of decisions is to that effect.

It is again contended, that as *Gilbert's* declarations were made before the statute had attached, there was no bar to be removed. It may be sufficient to reply, that he *then* recognized the debt; and if so, the statute would not attach upon it until the lapse of six years thereafter. Has it not been undoubted law since statutes of limitation have been in force, that the payment of interest prevents the running of the statute, and also does away the presumption of payment of a

*New-Haven,*
*July, 1833.*

Austin
*v.*
Bostwick.

bond, by the lapse of twenty years? A bond eighteen years old is kept alive twenty years longer, by the payment of interest; and that simply because the debt is thus recognized. On this principle, then, the statute never did attach upon this book debt, as it respects *Gilbert;* and as it respects *Bostwick* also, it may well be doubted, since the case of *Bound* & al. v. *Lathrop,* 4 *Conn. Rep.* 336., if this debt was ever barred. In that case, it was decided, that the acknowledgment of one *joint promisor* took the case out of the statute ; and so is the well known case of *Whitcomb* v. *Whiting, Doug.* 652.

It is further said, that there is no joint act of the defendants. Nor is it at all necessary there should be. A note barred by the statute of limitations was presented, on the 1st of *January* last, to *A. B.*, one of the promisors. He acknowledges it due. On the 1st of *July* last, it was presented to *C. D.*, the other promisor. He too declares it due. Has not each of them waived the benefit of the statute ; and will not the law compel them to pay it? Had a forged note been so presented and recognized, they would have been holden to pay it.

I am well satisfied, that the motion for a new trial ought to be denied.

The other Judges were of the same opinion.

New trial not to be granted.