No. 33.—WILLIAM M. McCUTCHIN, plaintiff in error *vs.* LANIER BANKSTON, defendant in error.

[1.] The admissions of one member of a firm, who is not a party to the suit, when the Court is *satisfied that the partnership has been established*, may be given in evidence to charge the other members, but not otherwise.

[2.] The rejection of the admissions of one member of a firm going to charge the others, on the ground that the partnership was not established, is not such a surprise as will entitle a party to a continuance after the cause has been submitted to the jury on the appeal.

Assumpsit. From Monroe Superior Court. Tried before Judge FLOYD. September Term, 1846.

For the facts of the case see the opinion of Supreme Court.

A. M. D. KING, for the plaintiff in error.

Z. E. HARMON, for the defendant in error.

McCutchin *vs.* Bankston.

*By the Court* — Nisbet, J. delivering the opinion.

This was assumpsit upon a joint and several promissory note of which the following is a copy :

$774.   By the first of January next we or either of us promise to pay William M. McCutchin or bearer, seven hundred and seventy-four dollars for value received of him; if not punctually paid to bear interest from date.

Saml. Thomson & Co.<br>L. Bankston.

*May* 12, 1837.

The action was brought to charge Bankston as a member of the firm of Saml. Thomson & Co.; the declaration averring that the note was made by that firm, and that the defendant was a member of it.   To this action the defendant Bankston pleaded *non est factum.*   The cause proceeded to a hearing on the appeal, when the plaintiff proved by one Jonathan Johnson, that a partnership was established between the defendant and William Thomson and Zachariah Holloway, in the State of Alabama, in the year 1836 or 1837, under the firm name of Wm. Thomson & Co. and that he (witness) had never heard of that firm being dissolved.   After which the plaintiff offered the testimony of one Potts to prove that Samuel Thomson, one of said firm, had admitted the justice of the note sued on; that it was given by the firm for money borrowed for its use and signed in the name of the firm by one of the members.   Defendant demurred to the admissibility of this evidence, and it was excluded by the Court, *to which decision the plaintiff excepted, and upon that decision he assigns error.*   After the exclusion of this testimony the plaintiff moved to continue, upon the ground of surprise in the exclusion of the testimony, and for the purpose of procuring the testimony of Wm. Thomson, who was then claimed to be a competent witness.   The Court below *refused the continuance, and upon that decision also the plaintiff excepted and assigns error.*

The plea of *non est factum,* denied the signing of the note [1.] by the defendant, and also the authority of any other person to sign it for him.   The existence of the partnership at the time the note was given was therefore put in issue.   The plea cast the *onus* upon the plaintiff; he proved the existence of the partnership in 1836 or 1837, and having established a joint interest as he supposed, proposed to prove further, that the note was given by

the firm and for its use, by the admissions of one its members. The Court below laid down the proposition that the admissions of one of the firm could not be given in evidence to charge another, until the partnership was first established, and that whether the partnership was established or not, was a question for the Court to determine. In this case the Court believed that it was not so proven as to let in the admissions of Thomson. The note, argued the Court, bears date 12th May, 1837, and the testimony was, that in 1836 or 1837, the partnership was formed; there was therefore no evidence upon which to rely, that on the 12th of May, 1837, the partnership was formed, and that the idea that the partnership was in existence on 12th May, 1837, the date of the note, is rebutted by the fact that the defendant had signed the note individually. We think the Court administered the law correctly. Where it is sought to charge several as partners, an admission of the fact of partnership by one, is not receivable in evidence against any of the others, to prove the partnership; the partnership, must *first be shown to exist*, then the admissions of one are receivable to charge the others. And it is likewise true, that in order to the reception of the *admissions* of one of the partners, the Court is to determine whether or not the partnership has been established. The reasons for both branches of this rule are very satisfactory and embraced in a nut shell. If there be a partnership, then there is a joint interest, and the admission of one of two or more jointly interested in the same subject matter, is the admission of all. And if there be a partnership, one of the firm, even although, as in this case, not a party to the suit, cannot be sworn because he, in the event of a recovery against the defendant, will be liable to contribution. But if there be no partnership, then the alleged member is himself a competent witness, and of course, in that event, his admissions are not competent testimony.

Before the partnership is established, the objection to the *admissions* of a member of the firm is to their *competency*, and before they are received the Court must know whether they are competent or not; for incompetent or illegal testimony ought in no instance to be sent to the jury. Hence the Court must judge whether there be any evidence, and if any, of the force and effect of it, going to establish the existence of the partnership. I remark, as matter of precaution, that we are not now determining how far, and in what cases, and under what limitations, the admissions of one partner may bind his co-partners; as in relation to the effect of

McCutchin *vs.* Baukston.

such admissions, in some cases there are nice distinctions in the books; we wish this opinion to apply alone to the facts of this case. Mr. Greenleaf lays down the rule thus: "It is only after the partnership is shown to exist, by proof *satisfactory to the Judge*, that the admission of one of the parties is received in order to affect the others." *Greenleaf's Evid. sec.* 177. And Starkie announces it thus: "When the fact that several parties are partners has once been established, the act or declaration of one partner, relating to the subject matter of the partnership, is evidence against the rest, although the partner whose acts or declarations so given in evidence be no party to the suit." 2 *Starkie on Evidence,* 45 ; *Idem, part* 4, *page* 1074. *See also, Nicholls* vs. *Dowding et al.* 1 *Starkie R.* 81; *Grant* vs. *Jackson et al. Peake's Cases,* 204; *Burges* vs. *Lane et al.* 3 *Greenleaf R.* 165 ; *Whitney* vs. *Ferris,* 10 *Johns.* 66 ; *Wood* vs. *Braddick,* 1 *Taunt.* 104; *Sangster* vs. *Mazarredo et al.* 1 *Stark. R.* 128 ; *Van Reimsdyk* vs. *Kane,* 1 *Gall.* 635; *Harris* vs. *Wilson,* 7 *Wend.* 57; *Whitcomb* vs. *Whitington,* 2 *Doug.* 652 ; 2 *Bingham,* 306; 8 *B. & C.* 36 ; 8 *Bingh.* 309; 1 *B & A.* 467 ; 3 *Pick.* 291; 17 *Mass.* 222; 2 *Pick.* 581; 4 *Pick.* 382 ; 1 *McCord,* 541; 4 *Conn.* 336; 8 *Conn.* 268, 276, 277; 5 *Gill & John.* 144; 7 *Wend.* 441; 2 *Hawk.* 209.

We do not feel authorized to say that, according to this record, there was sufficient evidence of the existence of the partnership at the time the note was given, to let in the admissions of William Thomson, and cannot disturb, upon the first ground of error, the judgment of the Court.

The Court below did not err in refusing the motion for a [2.] continuance. This cause had been submitted to the jury on the appeal. The ground upon which the plaintiff claimed to withdraw and continue it was *surprise*, in consequence of the rejection of testimony because of its incompetency. This cannot be a case of surprise. It was a misapprehension of the law of evidence, which parties, through their counsel, are presumed to know, and must know at their peril. Let the judgment of the Court below be affirmed.