HOTCHKISS and another *against* BEACH, administrator of
*Cyrus Beach:*

### IN ERROR.

A judge of probate has no power to allow or disallow, either directly, or indirectly, any claim or demand against the estate of a deceased person represented insolvent; such power being given exclusively to the commissioners, whose act is the sole rule by which the judge is to order payment.
And the commissioners are empowered to determine as well the nature and character of the demands against the estate as their validity and amount.
Therefore, where a judge of probate, after the report of commissioners and the exhibition of the administrator's account, found, that certain claims against the estate, allowed by the commissioners, were due from the deceased and another person as partners, and that certain funds in the administrator's hands belonged to such persons as partners, and then, after excluding such partnership creditors and partnership funds, made a dividend of the remaining assets among the separate creditors; it was held, that such decree was erroneous; and it was accordingly dis-affirmed.

THIS was an appeal from the following decree of the court of probate for *New-Haven* district: " It is found, by this court, since the order heretofore passed for a dividend among the creditors, that the following debts, mentioned in the commissioners' report, *viz.* the debts due to *Jehial Forbes & Son,* to *Ebenezer Seeley,* to *H. R. & S. R. Hotchkiss,* and to *Riley B. Beach,* the whole amounting, as appears by the commissioners' report, to the sum of 1816 dollars, 83 cents; which amount was due from *Cyrus Beach,* the deceased, and *Lois*

*Chittenden,* as partners; and that the personal estate in the inventory returned by the administrator, *viz.* that portion of it described as being in the store, and amounting to 1131 dollars, 5 cents, belonged to the said *Cyrus* and *Lois,* as partners.

" And it is also found, by this court, that said personal estate, amounting to the said sum of 1131 dollars, 5 cents, belonging to said *Cyrus* and *Lois,* as partners, was sold, by the administrator on said estate, for the sum of 900 dollars, and no more.

" And it is further found, by this court, that the sum of 43 dollars, 49 cents, credited, by said administrator, in his account before returned as cash on hand, at the time of the decease of said *Cyrus,* and also the sum of 41 dollars, 18 cents, credited, by the said administrator, as ' interest on money collected,' belonged to said *Cyrus* and *Lois,* as partners.

" And it is also found, that said administrator has collected of debts due to said *Cyrus* and *Lois* as partners, the sum of 200 dollars, 91 cents, making the whole funds, which have come into the administrators' hands belonging to said *Cyrus* and *Lois* as partners, amount to 1185 dollars, 59 cents.

" And it is found, by this court, that said administrator has paid, in pursuance of an order passed by this court, on the 27th of *June,* 1831, to the creditors named in the commissioners' report, the sum of 68 cents on the dollar of their respective debts, making the sum paid by the administrator on the debts so as aforesaid found to be due from said *Cyrus* and *Lois* as partners, amount to 1235 dollars, 44 cents.

" And it is also found, by this court, that the debt named in the commissioners' report as due to *Jacob Smith,* has been paid in full, by the said administrator; the same having been secured by mortgage on the estate of said *Cyrus.*

" And it is also found by this court, that the amount now due to the creditors named in the commissioners' report, deducting the debts so as aforesaid due from said *Cyrus* and *Lois* as partners, and the debt reported to be due to *Jacob Smith,* is 297 dollars, 51 cents, without interest.

" It is, therefore, ordered, that the administrator do pay, in addition to the former dividend, to the creditors named in the commissioners' report, except to *Jehiel Forbes & Son,* to *Ebenezer Seeley,* to *H. R. & S. R. Hotchkiss,* and to *Riley B.*

*New-Haven,*
*July, 1834.*

*Hotchkiss*
*v.*
*Beach.*

*Beach,* they being partnership creditors, and the partnership property, which came into the hands of the administrator, having been exhausted in paying partnership claims, and except to *Jacob Smith,* (who has been paid in full,) the sum of 32 cents on the dollar ; and then this estate will be settled."

From this decree *R. H. & S. R. Hotchkiss* appealed ; assigning the following reasons: That the estate of *Cyrus Beach* was duly represented insolvent, and commissioners thereon were appointed by said court of probate, who, being duly qualified, executed the duties of their appointment, and their report of the claims of the creditors of the deceased found to be legally due ; which report was made, on the 27th of *November,* 1830, to the court of probate, and was, on the same day, ordered for record. [The report is then set forth, allowing to the appellants 1625 dollars, 97 cents, and to others sundry sums, amounting in the whole to 3443 dollars, 34 cents.]  The appellants thereupon claimed, that being creditors of the deceased, and their claim having been so allowed, they were entitled to a rateable dividend in common with all the other creditors out of the assets belonging to the estate ; whereas the order of the court appealed from, entirely excludes the appellants from any dividend; alleging that it was not competent for the court to make such order ; and praying that it might be disaffirmed and set aside.

To these reasons the appellee demurred ; and the court adjudged them insufficient, and affirmed the decree of probate. The appellants then, by motion in error, brought the case before this court for revision.

*Seeley,* for the appellants and plaintiffs in error, contended, That they being duly found, by the commissioners, to be creditors of the deceased, were entitled to a dividend with the creditors generally.   It appears from the order appealed from, that the plaintiffs participated in the previous dividend, in common with the other creditors ; but when the time came to make the final dividend, the judge of probate states, by way of recital in the order he then made, that *he* has found, that the plaintiffs were not the creditors of the deceased, but of the deceased and another person as co-partners.   It is *implied,* too, in the order, that the plaintiffs took, exclusively, certain partnership assets in the hands of the administrator, and that the remaining as-

*New-Haven,*
July, 1834.

Hotchkiss
*v.*
Beach.

**sets** belong to the separate estate. But from other parts of the order it appears decisively, that the assets in the hands of the administrator were all one common fund, and, till the last order, were treated as such.

The rule of law, in the distribution of the assets of an insolvent, that separate estate must go to separate creditors, and partnership property to partnership creditors, is admitted; but the question here is, whether, the commissioners having allowed and reported in favour of the plaintiffs' claim, as a separate claim, and that report being confirmed by the judge of probate, pursuant to the statute, it is competent for the judge, afterwards, to alter that report, so as to exclude the plaintiffs, as creditors, from a dividend.

The statute has erected a tribunal for the trial of all claims against the estate of the deceased insolvent; the jurisdiction given to the commissioners is in the largest terms; and every other mode of ascertaining a debt than that prescribed by the statute, is excluded. Their authority is well expressed in the opinion of the court in *Stoddard* v. *Moulthrop,* 9 *Conn. Rep.* 505. by *Church,* J. As the cognizance of all claims is given, in the *first* instance, to the commissioners, so the statute has expressly excluded all redress for any grievance by their doings, except in the way of *review* there pointed out. The court of review may establish, reject or correct the finding of the commissioners; and the decision of the court of review is final: the assets must be distributed according to *that.* There is no other remedy; the judge must conform to it. He has no judicial powers, except as a member of the court of review. But in the present case, the plaintiffs' claim being established according to all the forms of law, all parties in interest being satisfied, the judge takes it upon him to reject it; for, it is tantamount to a rejection. The commissioners reported the plaintiffs to be creditors of the deceased: the judge first confirms their report, (as he was bound to do, no appeal being taken,) and then he sets it aside, so far as relates to the plaintiffs. If he can, *ex parte* and *ex mero motu,* correct the report as to *one* creditor, he can as to *all:* it involves the power to reject the whole report, as made by the commissioners and confirmed by the court of review; and what is more, he can exercise that large jurisdiction, without notice to any party in interest, without evidence, without any of the forms of law, and without

*New-Haven,*
*July, 1834.*

Hotchkiss
*v.*
Beach.

any possible redress for his mistakes. If he has any such power, the proceedings before the commissioners and before the court of review, determine nothing : they are a mere form.

The jurisdiction to ascertain a claim, involves the necessity of ascertaining who owes it ; whether *A, B,* or *C ;* or all of them jointly : the debt cannot be established, without fixing it upon some debtor. A debt involves the existence of a contract ; a contract implies contracting parties ; and the commissioners, in ascertaining the debt, *ex necessitate* determine who is liable for it. The notion on which the order of the court of probate was founded—*i. e.* that one tribunal is to ascertain the amount of debts, and another who the debtors are, is absurd.

It is the duty of the commissioners to make set-offs of mutual debts. *Homer* v. *Battle,* 1 *Root* 347. *Williams* v. *Darling,* 1 *Root* 356. *Palmer* v. *Green,* 6 *Conn. Rep.* 14. But how can set-offs be made, without authority to ascertain what debts are *mutual ?*

The statute provides, that any party aggrieved, by the doings of the commissioners, may apply for a review ; and it excludes, expressly, all other modes of redress. If the report of commissioners is not right, it can be corrected in no other way. Here all parties in interest were satisfied with the allowance of the plaintiffs' debt, as it stood in the report, and acquiesced in it. No review was asked for : no one was aggrieved : justice was done. Why then should the court of probate volunteer to put that right, which was not wrong ?

*C. A. Ingersoll,* for the defendant in error, commenced his argument, by observing, That courts of probate here, in the settlement of an insolvent estate, exercise the powers of a court of chancery ; and that the jurisdiction of commissioners, who are appointed to review, examine and allow the claims of creditors to the estate, in executing their duties, is co-extensive with that of a court of law and of chancery. Per *Hosmer,* Ch. J. in the case of *Palmer* v. *Green,* 6 *Conn. Rep.* 19. They allow *equitable* as well as *legal* claims.

He then contended, 1. That a partnership creditor is, in equity, entitled to have satisfaction out of the estate of the deceased partner. His claim is one upon the estate of the deceased, which a court of equity will enforce. *Storer* v. *Hinkley* & al. *Kir.* 147. *Gow* on *Part.* 258, 9. 436, 7. *Mar-*

New-Haven, July, 1834.

Hotchkiss v. Beach.

*shall* & al. v. *De Groot*, 1 *Caines' Ca.* 122. *Lang* & al. v. *Keppele*, execx. 1 *Binn.* 123. *Hamersley* v. *Lambert* & al. 2 *Johns. Ch. Rep.* 508. In the case of *Findlay* & al. v. *Hosmer*, 2 *Conn. Rep.* 350. the debt found against the deceased, was a debt where there were surviving joint contractors.

2. That in the settlement of an insolvent deceased partner's estate, by a court of equity or a court of probate, the joint or partnership creditors can only claim the surplus of the estate of the deceased, after satisfaction of the separate debts. Partnership property, upon the decease of one of the partners, goes into the hands of the survivor, and must be applied, in the first place, to the payment of partnership creditors. The separate property of a deceased partner goes into the hands of his administrator, and must be applied to the payment of separate creditors. If any thing remains, after paying the separate creditors, the surplus, and nothing more, goes to the payment of joint or partnership creditors. *Gow* on *Part.* 437, 8. *Gray* v. *Chiswell*, 9 *Ves.* 118.

3. That the finding of the commissioners, that the estate was indebted to the appellants, was not only not conclusive, but it was not evidence that the debt was a separate debt. In an action against one of two or more partners, the non-joinder of the other partner cannot be taken advantage of, on the general issue, but only by a plea in abatement. Unless there is a plea in abatement, the point is not in issue whether there was a partnership or not. And in such a case, it is well settled, that if a recovery is had upon the merits, the judgment is not conclusive that the debt was a separate debt; but the defendant, if it was a partnership debt, can make his co-partner contribute. *Bill* v. *Porter* & al. 9 *Conn. Rep.* 23.

4. That the commissioners had no power to find, that the debt due the appellants was a partnership debt. They are commissioned, by the statute, to receive, examine and allow the *claims* of the creditors, which shall be proved, by legal evidence, to be justly due. *Stat.* 210. *tit.* 32. *c.* 1. *s.* 40. They only find, that a debt is due, not *how* it is due. They report the debts to the judge of probate; and he, according to the requirements of the statute and the rules of equity, orders the funds to be distributed among the several creditors, whose debts have been allowed by the commissioners. The commissioners'

New-Haven,
July, 1834.

Hotchkiss
v.
Beach.

duty is laid down in the statute; and there is nothing in the statute, which requires or authorizes them to report any fact, except that the claim has been by them allowed. They are not to report the nature of the claim. If then, the commissioners had found, that the debt due the appellants was from *Cyrus Beach* and *Lois Chittenden, as partners*, they would have found that which they were not authorized to find, and which would not have been binding upon the court of probate in decreeing a distribution of the funds.

*Kimberly*, on the same side, submitted the case, without further argument.

CHURCH, J. The regulations for the settlement of insolvent estates, in this state, are statutory. We can look no where but to our statutes for the powers and duties of courts of probate; although these courts, like all others, possess such incidental powers as are necessary to an entire performance of their duties.

Judges of probate have no jurisdiction concurrent with commissioners upon insolvent estates. Upon an examination of our statutes, I think it will not be discovered, that any power is given to judges of probate to allow or disallow, either directly or indirectly, any claim or demand against an insolvent estate: such power is conferred upon the commissioners alone. The judge, after having appointed commissioners, may direct the time within which creditors shall exhibit their demands to them for examination and allowance; and when he has done this, he acts no more on this subject until the commissioners have made to him their report of claims allowed. After such report is made, if no proceedings are had to review it, before a board constituted by law for that purpose, and after the administration account is settled, by the judge, his duty is "to direct payment of the debts and demands against the estate to be made in the following manner : the funeral expenses and incident charges of settling and selling the estate ; debts due for last sickness of the deceased ; taxes and debts due to the state ; and the debts of the several creditors, *as allowed* by *the commissioners*, in proportion to the sum found due." It is obvious, that the act of the commissioners in the allowance of claims, is to be the sole rule, by which the judge is to order payment.

*New-Haven,*
July, 1834.

Hotchkiss
*v.*
Beach.

I think commissioners possess, not only by the express provisions of the statute, but by necessary implication, the power of determining, as well the nature and character of the demands against the estate, as their validity and amount ; and indeed, I see not but the one is inseparable from the other. In the examination of claims, they must, necessarily, determine who is debtor and who is creditor ; whether the debt allowed was due from one or more persons, or is due to one or more ; and thus decide whether the demand be due from or to a co-partnership. In the same manner, the commissioners, in examining a claim, and hearing the proof in its support, must know, whether it is for the last sickness of the deceased, or is of a different character. But if there be any case, where an ordinary investigation by commissioners will not impart to them a knowledge of the character of the claim investigated, then examination may, and always should, be directed to this subject, either by the claimant, or by the administrator, whose interest or whose duty it may be to do so ; and then, if the commissioners err, and any person shall be aggrieved, a remedy is provided, as in other cases, by a review before the proper tribunal, which is the only mode whereby the report of commissioners can be either rejected or corrected. This system is complete, and leaves neither conflicting nor uncertain powers.

The power claimed for the judge of probate, in this case, is unnecessary, and therefore, improper ; because the commissioners, in the necessary performance of their duties, must, as has been shewn, exercise the same powers. It is a power, also, which, without further legislation on this subject, ought not to be confided to judges of probate ; because, as was done in the present case, it would authorize the investigation of facts and the decision of important questions, without any notice to interested parties to appear and be heard.

It is said, in support of this power of the judge, that it is incidental to his general authority to marshall the assets of the deceased. This may be granted ; but he must do so upon the facts furnished by the report of the commissioners, and order the payment of debts, as allowed by them.

I am of opinion, for these reasons, that the judgment of the superior court should be reversed, and the decree of the court of probate disaffirmed.

New-Haven,
July, 1834.

Hotchkiss
v.
Beach.

DAGGETT, Ch. J. and BISSELL, J. were of the same opinion.

WILLIAMS, J.    The appellants, now plaintiffs in error, claim, that the court of probate could not legally deprive them of an equal dividend with the other creditors.    It has not been denied, on this trial, that the court of probate has done any thing but what a court of chancery, upon principles there settled, might have done.    These principles were recognized, by this court, at the last term, in the case of *Witter* v. *Richards*, 10 *Conn. Rep*. 37.    But it is claimed, that after the report of commissioners, in which the appellants' debt is allowed, the court of probate could only go on and order equal payments to the creditors, unless the doings of commissioners were reviewed under our statute.    By our law, the settlement of estates is vested in the courts of probate ; to effect which those courts are invested with the powers of the ecclesiastical courts in *Great-Britain,* and most of the powers of the courts of chancery relative to that subject.    It is the duty of the court, in making the settlement, to inquire what is the amount of debts, and what are the funds to meet them, and how they should be applied.

But when an estate is represented insolvent, the statute has prescribed a particular mode of ascertaining the amount of debts.    Commissioners are, by the court of probate, to be appointed, " with power to receive, examine and allow the claims of the several creditors which shall be proved, by legal evidence, to be justly due ;" " and to make their report containing a list of all the claims by them allowed."    *Stat.* 210. *tit.* 32. *s.* 40.    By this board, under this authority, the claim of the appellants has been ascertained ; and it has been legally found, that the estate is indebted to the *Hotchkisses* in a certain amount.    That finding not having been reviewed, in the only manner pointed out by law, is established, and cannot be incidentally attacked.    And if, as is claimed, the order of the court of probate contravenes the report of the commissioners, it cannot be established.

The commissioners have found a debt due to the appellants from this estate.    The court of probate does not deny that fact ; nor is the decree inconsistent with it.    But the court of probate has found an additional fact ; that although this debt

is due from this estate, it was a *partnership* debt ; that is, that it was due from the deceased, by reason of a particular relation which he sustained.    As both facts may be true, and yet the debt may be a debt against the estate, I see no inconsistency in the decree of the court and the report of the commissioners. The court of probate, therefore, does not overrule or disannul the report of the commissioners.    That court admits its validity as a debt.    It only says, that this debt is to be treated as debts of that character are treated in chancery.    It must be satisfied in a particular way, or from a particular quarter.

It is said, however, that the character of the debt, as well as its existence, must be ascertained, by the commissioners ; that they act as an equitable as well as legal board ; that, as such, they must make set-offs, &c.    That is true : because they are to allow claims justly due, and to ascertain what upon the whole is justly due, they must inquire what is due to the estate from an individual, who claims to be a creditor, before they can tell what upon the whole is due to that individual from the estate.    It does not follow from this, that the commissioners are to ascertain or report the *origin* or *character* of the debts. Their powers are simple, limited, and well defined.    They are to examine and allow claims, proved, by legal evidence, to be justly due ; and make a list of all claims by them allowed. Under what part of this commission they are empowered to decide upon and finally adjudicate as to the origin or character of the debt, I have not been able to discover.

In investigating the claim, it is to be supposed, that its origin and character may often, perhaps generally, come before them. Still the question recurs, is it necessary for them to find and report *that*, in order to discharge the duty imposed upon them? If it is, then perhaps the power may fairly be implied.    If it is not, then it is difficult to discover from whence such power is derived.    Their commission is merely to ascertain the amount of the debt, not its nature ; and they might as well be called upon to report whether the debt was secured by bond or mortgage, as to say whether it was a partnership debt or not.    It is the debt, not the security for the debt, which they are to report ; much less, the nature or origin of the debt.

Had, then, these commissioners have done what no law directs them to do, reported that this was or was not a partnership debt, it seems to me, that fact would have been of no import-

ance ; because, if even a court of chancery finds a fact not necessary to the result which it has aimed at, in its decree, it will not be considered as material, in another case between these parties.    *Coit* v. *Tracy* & al. 8 *Conn. Rep.* 268. 276.    *Fairman* v. *Bacon,* 8 *Conn. Rep.* 419. 425.

If that be so, and if a finding, by the commissioners, that it was a partnership debt, would have no effect, because it was not necessary for the legal result, then surely, the omission to find any thing upon that subject, can be of no importance whatever, unless their obligation to find that fact was first proved.

It is insisted, that the report ought to have been appealed from.    If it was the duty of the commissioners to find whether it was a partnership debt or not, a finding that it was not, must doubtless be appealed from.    That, however, is taking for granted the point in dispute.    What here was there to appeal from ?    Not that they found the *Hotchkisses* creditors ; for it was admitted they are creditors.    Not that they have so reported ; for they could report no otherwise.    But that they had not reported that they were partnership creditors.

The statute allowing an appeal permits it only to persons aggrieved by the doings of the commissioners " in allowing or rejecting a claim or demand."    Now, no creditor could complain, that this claim was allowed ; for it ought to be allowed ; but his complaint must be, that it was not allowed *as a partnership debt.*    My only answer to this, is, that no appeal is given on such an account.

It is said to be more *convenient* that facts of this kind should be ascertained by commissioners.    If it were so, this does not give them the power, nor authorize this court to give them the power.    And when we consider the summary mode, in which questions of this kind may be settled, by this special tribunal, out of the ordinary course of proceeding, it is not consistent with my inclination, nor my views of duty, to enlarge their jurisdiction.

There can be no objection to the court's deriving all the aid it can from the investigations before the commissioners, as a court of chancery would from a master in chancery.    But the reports should no more be conclusive, in one case than in the other, except made so by statute.    And until I find a statute making it the duty of that board to ascertain the nature and

rank of debts, as well as the amount, I cannot believe that commissioners have any such power as is claimed.

If this power is not vested in the commissioners, it has not been seriously doubted but that it rested with the court of probate.

If there be no power to marshal the assets and appropriate them to the debts according to their nature or rank, it is apparent that gross injustice must be done.

There can be no doubt that it must exist in the courts of probate or of chancery, when we find, that the great object of our statutes, is, that estates shall be *closed* or *settled ;* that as it regards insolvent estates, all suits are stopped in the common law-courts, while this settlement is pending ; and when it has not been claimed, upon this trial, that this power does not exist somewhere, nor that relief can only be obtained in a court of chancery, I shall suppose, that it requires no argument to show, that the court of probate had the power it assumed, unless prevented by the previous proceedings of the commissioners. As in my view, those proceedings have no such effect, I am of opinion, that the court of probate came to a correct result ; and that there is no error in the decree of the superior court.

PETERS, J., was absent.

Judgment reversed.