## Bostwick *v.* Lewis.

### In the Court below,

WALKER LEWIS, *Plaintiff ;* BENJAMIN BOSTWICK, AUSTIN NICHOLS, AARON GREGORY, EBENEZER SMITH, and AZOR RUGGLES, *Defendants.*

THE declaration charged the defendants with a combination to defraud the plaintiff, in the sale to him of 25,000 acres of Virginia land. The fraud charged was, in making false representations, respecting the title and quality of the land. *Nichols,* one of the defendants, was defaulted. The other defendants pleaded, severally, not guilty. On trial to the jury, the plaintiff offered depositions taken before justices of the peace in Virginia. The only objection to them was, that justices are not authorized, by the laws of that State, to take depositions. The only mode of taking depositions, there, is by commissioners, appointed for that purpose. The plaintiff also offered to prove, by witnesses, what *Nichols,* who had been defaulted, had said respecting his entering into the combination with the other defendants, and practising, with them, the fraud set forth in the declaration. This was objected to, on the ground, that his confessions should not be introduced to affect others. The Court overruled both the objections ; and the jury found a verdict against all the defendants, with $ 3,860 damages.

*Depositions taken before justices, in a state where justices are not empowered to take depositions, may be read in our courts, if they would be admissible, had they been taken in this State.*

*Where there are several defendants, and one of them suffers a default, and the others plead to the action, the confessions of the former may be given in evidence, on the trial, to enhance the damages against all the defendants.*

A bill of exceptions was filed ; and the matters therein contained were assigned for error.

*Smith*, (of Woodbury) for the plaintiffs in error.

*Edwards* (of New-Haven) and *Daggett*, for the defendant.

F

1802.

BOSTWICK
*v.*
LEWIS.

By THE COURT, the judgment was affirmed, NEW-BERRY, SEYMOUR, and ALLEN, *Asts.* dissenting.

Depositions, under similar circumstances, have always been admitted, before our Courts. The objection, therefore, is too late. There is a difficulty of convicting any man, who deposes out of the State, of perjury, unless he should come into this State ; but this never formed an objection against reading such depositions. In the case of *Omichund* v. *Barker*, (*a*) the Court were, on this point, unanimous.

The testimony respecting *Nichols's* confessions, was proper, to shew the amount of damages ; and, though it might affect the others, that forms no reason why it should not affect him. He, though defaulted, was on trial as to the *quantum* of damages ; for the verdict ascertains damages as to all the defendants.

(*a*) *Willes* 538.