SCOTT, SURVIVING PARTNER, &c. v. JONES, ET AL.

1. Where an action is brought against several persons as partners, and one of them suffers a judgment by default, the latter is a competent witness for the other defendants to prove that they were not his partners; for a verdict in their favor will not, under the statute, operate a discontinuance of the action as to him.

WRIT of Error to the Circuit Court of Tuskaloosa.

This was an action of *assumpsit* by the plaintiff in error, against the defendants, joint owners and proprietors of the steam-boat Warrior, to recover damages for the failure of them to deliver in Mobile, according to contract, one hundred bales of cotton, shipped on board that boat at Tuskaloosa. The defendants pleaded *non-assumpsit*, but the case being called for trial, the defendant Hammond, appeared in court and asked leave to withdraw his plea and defence, which was allowed, "and thereupon a judgment by default, was taken against him." The other parties then

went to trial before the jury. In the course of the trial, the other two defendants, Jones and Horner, by their counsel offered Hammond as a witness in their behalf—he being willing and consenting to be examined. The competency of Hammond, was objected to by the plaintiff's counsel, but the objection was overruled, and the party permitted to testify; whereupon the plaintiff excepted, and his exception is duly certified to this court. From the judgment entry, it appears that the same jury to whom was submitted the issue, also assessed the damages upon Hammond's default. A verdict being returned in favor of the other defendants judgment was rendered thereupon.

B. F. PORTER and W. COCHRAN, for the plaintiff in error, contended, that Hammond was an incompetent witness. 1. Because he was a party to the suit. 2. Because he was interested with his co-defendants. To sustain their exception they cited, 5 Burr. Rep. 2727; 1 Dana's Rep. 430; 6 Cow. Rep. 313; 9 Id. 44; 4 Taunt. Rep. 752; 5 B & C. Rep. 287; 1 Strange's Rep. 35, 633; 5 M. & S. Rep. 71; 1 Starkie's Ev. 144; 2 Id. 817, note, v.; App. to 1 Starkie, 598; 1 Phil. Ev. 53 59, 141, note; 3 Id. 1553 C. & H's notes; 1 Car. & P. Rep. 577; 6 Binn. Rep. 319; 1 Day's Rep. 33; 8 Taunt. 139; 20 Johns. Rep. 142; 10 Wend. Rep. 392.

PECK, for the defendant. It is no objection to the witness that he is a party to the record, if he is willing to be examined, and is disinterested, or is called on to testify against his interest. [Duffee v. Pennington, use, &c. 1 Ala. Rep. N. S. 506, and cases there cited.] The competency of such a witness depends upon the fact whether he is interested in favor of the party calling him. That the witness whose testimony is objected to would be incompetent for the plaintiff may be conceded, but he opposes his interest in sustaining the defence of his co-defendants. [Worrall v. Jones, et al.; 20 Eng. Com. L. Rep. 177; Brown v. Brown & Jubb, 4 Taunt. Rep. 752; Albers v. Wilkerson, 6 Gill. & Johns. Rep. 358.]

COLLIER, C. J.—In several of the States, a party to the record is excluded as a witness, upon the ground, that his admission is opposed to policy. [See 2 Phil. Ev. C. & H's notes, 134,

5, 6; 3 Id. 1550.] But it is said, it may now be regarded as settled in the English, and in a majority of the American courts, that the exclusion of a party, whether nominal or real, or both, from being a witness in his own cause, rests mainly on the ground of interest. [3 Phil. Ev. C. & H's notes, 1563.] In Willings et al v. Coosegna, [1 Peters' C. C. Rep.] Mr. Justice Washington says: " The general rule certainly is, that a party to a suit cannot be a witness. But it is equally so, that the interest which that party has in the event of the suit, both as to costs and the subject in dispute lies at the foundation of the rule, and when that interest is removed, the objection ceases to exist." We might add to this other cases in which the law is laid down in equivalent terms, but this is unnecessary. The rule which excludes a party from giving evidence, has not been strictly adhered to in this State. [Prewett v. Marsh, 1 Stew. and Por. Rep. 17; Duffee v. Pennington, 1 Ala. Rep. N. S. 506. See also Lewis v. Post & Main, 1 Ala. Rep. N. S. 65; Stone, et al. v. Bibb, 2 Id. 100.]

The question to be determined is, was Hammond interested in defeating a recovery against his co-defendants. In Marsh v. Smith, [1 Car. & P. Rep. 577,] it was held, that if one defendant suffer a judgment by default, and the other plead and go to trial, the former. cannot be a witness for the latter. Best, C. J., remarking, " if this man's evidence is to be admitted to give a complexion to the case, it may go to reduce the damages against him; and therefore, I am of opinion he is clearly interested, and ought not to be received." [See also Bohun v. Taylor, 6 Cow. Rep. 313; Bostwick v. Lewis, 1 Day, 33.]

In Ward v. Haydon and Ventom, [2 Esp. Rep. 552,] which was a joint action of trover, one of the defendant's suffered a judgment by default; and though it was' objected that he was incompetent, Lord Kenyon . permitted him to give evidence for his co-defendant. The authority of this case we are aware has been questioned, but receives very powerful support from Worrall v. Jones, et al. [7 Bing. Rep. 395.] In that case Tindal, C. J. was of opinion that no case could be found in which a witness had been rejected upon the ground alone, that he was a party to the suit, and stated that many had been adduced in which a joint defendant, who has suffered a judgment by default, has been admitted as a witness against his own interest. He insisted that the only inquiry in a majority of the cases was, whether the witness

was interested in the event of the suit or not; and that interest is the only warrant for his exclusion.  He continues, " that a party to the record should not be *compelled against his consent* to become a witness in a court of law, is a rule founded in good sense and sound policy.  It forms the point in the decision in the case of The King v. Wooburn, [10 East, 395,] and the decision of that case leads to the necessary inference, that if the party consents to be examined, he is then an admissible witness."  The reasoning of the learned judge, in the case cited, might be supported, if it were necessary, by the citation of cases directly in point, and which go to show, that although a defendant who is defaulted, cannot give evidence for the plaintiff where the verdict against his co-defendant would make the latter liable to contribute to the payment of the judgment by default, or in any manner lighten the burdens of the witness, yet he is entirely competent to testify for the other defendant, because he is thereby opposing what is *prima facie* his interest.

In Pilsbury v. Cammett, et al. [2 N. Hamp. Rep. 283,] a judgment was rendered by default against one of two defendants who were sued on a joint contract, and the defaulted defendant was rejected as a witness for the other on the ground, that the contract on which the suit was brought was joint, and in such case, judgment cannot be given against one defendant without the other; consequently, if the jury should find a verdict for the defendant, the judgment by default must be vacated.  But where the law was so modified by the legislature, as to allow a recovery to be had against any one or more of the defendants sued on a contract, it was held, that a defendant who was defaulted is, with his consent, a competent witness in favor of co-defendants. [Bradlee, et al. v. Neal, et al. 16 Pick. Rep. 501.]

Conceding that the law is correctly laid down in the two cases last cited, then it will follow that the circuit court did not err in admitting the party as a witness.  By the 12th section of the act of 1818, it is enacted, " where any suit shall be instituted against two or more persons as partners in any firm, if one or more persons, not partners in said firm, shall have been sued as such, the court before whom such suit is pending, shall discontinue said suit against such person or persons, as shall appear not to be partners in said firm, and proceed to judgment and execution against all, or any of the defendants in such action, who shall appear to

be partners." [Aik. Dig. 268.] The defendants are sought to be charged, not only as joint owners, but the declaration alleges *in totidem verbis*, that they were interested as partners in running the steam-boat Warrior for freight and hire. In Jones, et al. v. Pitcher & Co. [3 Stew. & P. Rep. 163 to 168,] this court determined that such a declaration was sufficient to show that the defendants were attempted to be charged as partners, and under the statute cited, a judgment might be rendered in favor of some, and against the other defendants.

It does not appear as to what facts it was proposed to examine the party. It may be that as to some he should not have been allowed to testify; but it cannot be assumed that he was incompetent for all purposes. He may have been offered for the sole purpose of showing that the defendants in error were not his partners, as charged by the plaintiff; to prove this fact, he was certainly a competent witness. It results from what has been said, that no error is shown by the record, and the judgment of the circuit court is consequently affirmed.

CLAY, J.—Not sitting.