## TURNER, ET AL. V. LAZARUS.

1. One joint maker of a promissory note cannot be called as a witness for the other with whom he is sued, although he makes no defence to the suit; for a verdict in favor of his co-defendants, would operate a discontinuance of the action, and even vacate the judgment if one had been rendered against him.

2. A plea which denies that two of the defendants made and delivered a promissory note with others, whose names appear as joint makers, need not be verified. Such a plea, if true, does not disclose matter which is available as a defence.

WRIT of error to the County Court of Sumter.

This was an action of assumpsit at the suit of the defendant in error, on a promissory note, dated, Sumter county, Ala. May 15, 1839, made by Elihu Moffitt, H. G. Turner, H. T. Stanton, and by Elihu Moffitt and Landon J. Morris as partners, by the name and style of L. J. Morris & Co., for the payment of twenty-five hundred dollars, negotiable and payable at the Branch of the Bank of the State of Alabama at Mobile, nine months after date.

Turner and Stanton pleaded, 1. *non assumpsit.* 2. That they never made and delivered the promissory note in the plaintiff's declaration, mentioned in manner and form as the plaintiff has alleged. 3. That they did never make, execute and deliver, the promissory note declared on, with L. J. Morris, or L. J. Morris & Co. or with him or them promise, in manner and form as the plaintiff has declared against them. All these pleas were verified by the affidavit of the defendant Turner, and the cause submitted to a jury on issues thereto.

On the trial it was shown that Turner and Stanton were the only defendants who made defence, and thereupon they released their co-defendant, Morris, from all liability to pay or contribute to the payment of any judgment that might be recovered against them in this suit; further, they offered to show that since the preceding term, he had been discharged by decree and certificate in bankruptcy, under the laws of the United States, from all his debts, including the note in suit. Thereupon, they proposed to examine Morris as a witness on their behalf, to prove that the signature of Turner and Stanton to the note when it was passed to plaintiff,

was with the knowledge of the latter, applied to a purpose different from that for which it was intended by them when it was made, and without their knowledge or assent. The plaintiff objected to the introduction of Morris, on the grounds that he was a party to the record, and interested in the suit; thereupon, the court ruled that he was incompetent, and rejected him; and the defendants excepted.

It is further shown that the plaintiff produced the note declared on, and proved the hand writing of the persons whose names appear as subscribers to it, with the exception of L. J. Morris & Co. Turner and Stanton requested the court to charge the jury, that under the several issues, especially that to the last plea, it was incumbent on the plaintiff to prove the hand writing of L. J. Morris & Co.; which charge was refused, and the jury were instructed, that such proof was unnecessary And the defendants Turner and Stanton again excepted, and their bill of exceptions is duly certified to this court. A verdict was returned against them, and a judgment was rendered thereon: *Moffitt* died pending the suit, and as to him it abated; and Morris failing to make defence to the action, a judgment by default was entered against him.

Bliss & Baldwin, for the plaintiff in error—insisted that Morris was a competent witness, that he had made no defence, and not having done so at the appearance term, he forfeited all right to gainsay the action. [Clay's Dig. 334, § 116.] As to him, then, the plaintiff was entitled to a judgment, whatever disposition might be made of the cause, as to his co-defendants. [Clay's Dig. 323, § 61, 63; 324, § 64.]

Morris was also released by bankruptcy, as well as by the release which was executed to him by Turner and Stanton, and was not consequently liable to them in any event. The mere fact of his being a party to the record in the absence of all interest, does not disqualify. [Greenl. on Ev. § 355, 357; 4 Dallas' Rep. 137; Norris' Peake, 225; 6 Leigh's Rep. 246; 4 Taunt. Rep. 152; 1 Root's Rep. 134. 489; 7 Bing. Rep. 395; 1 Peters' Cond. Rep. 209; 2 id. 312; 6 Monr. Rep. 304; 2 Phil. Ev. C. & H's Notes, 134-5-6, 144.]

The form of the issue upon the last plea, required the plaintiff to prove the signature of L. J. Morris, & Co.

ANDERSON, with whom was MANNING, for the defendant, insisted upon the incompetency of Morris as a witness. 1. Because he was a party to the suit, and liable to a judgment jointly with his co-defendants. 2. If his co-defendants should be successful in their defence, a judgment against him could not be supported, but the entire action would be discontinued. [1 Chitty's Plead. 34; Greenl. on Ev. § 356.] 3 The witness was liable for the costs, and he could not relieve himself from their payment by giving evidence that might produce such a result. [1 Phil. Ev. 74.] 4. His certificate of bankruptcy was not pleaded, and could not have been regarded by the county court for any purpose. 5. The release of Turner and Stanton cannot make Morris a competent witness against the plaintiff.

[He cited 7 East's Rep. 437; 2 Starkie's Ev. 204, notes; 3 Camp. Rep. 282; 2 id. 333; 2 J. J. Marsh. Rep. 508; 1 Phil. Ev. 74; 1 Wend. Rep. 119; 2 Verm. Rep. 138; 8 Taunt. Rep. 139, 140; 4 id. 752; 10 Wheat. Rep. 384; 18 Johns Rep. 477–8, 480; 4 Eng. C. L. Rep. 397; 4 Wend. Rep. 456; Clay's Digest, 334, § 116.]

Stone v. Gover, [1 Ala. R., N. S., 291,] shows that this court will not reverse the judgment, because it was not proved that L. J. Morris & Co. executed the note, together with Turner and Stanton. If such proof was necessary, the recital in the body of the note of the firm name, would be sufficient *prima facie* evidence, as against their joint promissors, that they subscribed it.

COLLIER, C. J.—Placing all other considerations out of view, and the incompetency of Morris as a witness, may be rested upon the ground that he was sued jointly with those for whom he was called on to testify, as the makers of a promissory note.—

True, the act of 1818, declares, that every promissory note, &c. shall be construed to have the same effect in law as a joint and several note, &c. and makes it lawful to sue out process, and proceed to judgment against any one or more of the makers. And where a writ shall issue against any two or more joint makers of such note, it is competent for the plaintiff after its return, to discontinue his action against any one or more of the defendants, on whom the writ shall not have been served, and proceed to judgment against those on whom it shall have been executed. [Clay's Dig. 323, § 61, 62.] This statute has never been held to author-

ise a judgment against one joint maker of a note where all of them have been brought before the court by the service of process. It permits a less number to be sued, and allows a discontinuance as to those on whom the writ has not been executed; beyond this it does not modify the common law as it relates to the case before us.

Even suppose a judgment by default had been obtained against Morris, before he was offered as a witness for his co-defendants, and upon the trial of the issue they were successful, the effect of the verdict would be to vacate that judgment and operate a discontinuance of the action. Morris then was called to produce a result by his evidence, which would have led to his discharge from the suit. He was consequently an interested witness, and rightly excluded. Such was the decision even where the co-defendant, who was offered as a witness, had been defaulted, in Pilsbury v. Cammett, et al., [2 N. Hamp. Rep. 283. See also, Bradlee, et al. v. Neal, et al. 16 Pick. Rep. 501; Scott v. Jones, 5 Ala. Rep. 694.]

It is enacted by a statute of this State, that the writing on which any suit shall be brought in the courts of this State, shall be received as evidence of the debt or duty for which it was given; and the defendant shall not deny the execution of the same, unless it be by plea supported by affidavit. [Clay's Dig. 340, § 152.] The third plea of the defendants, Turner and Stanton, does not deny that they subscribed the note in question as makers, it impliedly admits such to be the fact; but it alleges that they did make and deliver it with L. J. Morris, or L. J. Morris & Co.— This is clearly not such a plea as the statute requires should be verified by affidavit. It sets up an immaterial fact as a bar to the action; immaterial we say, because it does not amount to a denial of the execution of the writing, and whether true or false, cannot have any influence upon the liability of the defendants who pleaded it. Whether L. J. Morris & Co. simultaneously subscribed the note with Turner and Stanton form no criterion by which to adjust the legal liability of the respective makers. If their names were placed to the paper after it had become operative, its binding efficacy as to the previous parties to it, would not be in any manner impaired; and it would not be less valid as a note. This being the case, that part of the act which makes the writing on which a suit is commenced, evidence of the debt or

duty, would apply and dispense with other proof, until countervailed by testimony adduced by the defendant.

This view renders it unnecessary to consider what would be the effect of Stone v. Gover, [1 Ala. Rep. N. S. 287,] upon the last plea, or what evidence it requires on the part of the plaintiffs. It results from what has been said, that the county court laid down the law correctly,—its judgment is consequently affirmed.