## GOODEN & McKEE v. MORROW & Co.

1. Where three persons are sued as partners, upon an open account, in assumpsit, one against whom a judgment by default has been taken, is a competent witness to prove that one of the defendants was not a partner, he having pleaded the general issue.

2. Three persons being sued as partners, proof, that after part of the account sued upon was created, and the partnership dissolved, the retiring partner paid the others a sum of money to cover his responsibility, for the firm debts, is irrelevant and inadmissible.

Error to the Circuit Court of Randolph.

Assumpsit by the plaintiffs, against the defendants in error, for money had and received, &c. The declaration contains the common counts.

The defendant, Morrow, pleaded the general issue, and pleas of set off, failure, and want of consideration, and a judgment by default was taken, against Cameron & Likens, the other defendants.

A bill of exceptions taken pending the trial, discloses, that testimony was introduced, that the defendants for four years were partners in the mercantile business, and were also partners in the business of gold mining, during March, April, and a part of May, 1842; and that Cameron was the active partner in making purchases—that Cameron & Likens, purchased goods of the plain-

tiffs to the amount of $200, which Cameron, in February, 1843, in writing, acknowledged to be correct.

The defendant, Morrow, then proposed to prove, by a witness, the clerk of plaintiffs, that during a portion of the time, that the account sued on was being made, the defendants were not co-partners, and that the witness had heard of the dissolution of the partnership. To this testimony, under the pleadings, the plaintiff objected ; also, because it was not competent testimony ; but the Court permitted it to go to the jury, and the plaintiff excepted.

The defendant, Morrow, also introduced the articles of co-partnership, dated 16th February, 1842, to which one of the plaintiffs was a subscribing witness, between himself, Cameron, Likens and others, the material parts of which are as follows : ·

First—It is agreed by the parties to this instrument, that John A. Cameron, be considered, and constituted, secretary and treasurer of the company, whose duty it is to contract for such materials as are necessary to the erection of the necessary machines, that may be agreed on by the company. He is at any time necessity may require, to draw on each one of the company for a proportionate amount of money to appropriate to the use, and benefit of the company, either for the erection of machinery, digging out the rock, or otherwise. And it is agreed, that each or any member of the company, who shall fail at any, or all times, to pay over to the secretary and treasurer, his proportionate amount of money, shall forfeit his interest in the company to the remaining members ; provided always, that the secretary shall give the delinquent a written notice of his default, and if he fails to pay over the sum required, his entire interest is forfeited to the remaining members of the company. ·

The second article provides the means, labor, &c. to be furnished by each of the partners.

The third declares, that if either of the parties wish to sell out his interest, he shall give the preference to the remaining partners. Signed and sealed.　　　　　　Robert Morrow,
　　　　　　　　　　　　　　　John A. Cameron,
　　　　　　　　　　　　　　　J. L. Bennett,
　　　　　　　　　　　　　　　Conrad Hartwell,
　　　　　　　　　　　　　　　Thos. M. Likens. ·

The defendant, Morrow, then offered as a witness, the defendant Likens, against whom a writ of inquiry of damages was then

pending, and who, against the objection of the plaintiff, was per-
mitted to testify, that in May, 1842, Morrow sold out his interest
in the concern to him, for $200, and that on the 18th June, 1842,
Morrow paid to witness and Cameron $225, to cover his pro-
portionate part of the liabilities of the concern, and that they exe-
cuted to him a receipt therefor, to which there was a subscribing
witness. The receipt was produced, but the subscribing witness
to it not being present, the plaintiff objected to proof of its con-
tents, or of the payment of the money by parol; which objection
the Court overruled and the plaintiffs excepted. The witness
also stated, that he informed the plaintiffs of his intention to pur-
chase the interest of Morrow, and a few days after making it, in-
formed them of it; to which the plaintiff also excepted.

The jury found the issue in favor of Morrow, and damages
against Likens and Cameron. The plaintiffs now assign for error
the several matters embraced in the bill of exceptions.

BOWDON, for the plaintiffs in error.

The rumor of the dissolution of the partnership, was not suffi-
cient to charge the plaintiffs; actual notice should have been
brought home to them. [Story on Part. 251; 2 Stew. 280.]

The articles of co-partnership were not evidence against the
plaintiffs.

Likens was an incompetent witness, being liable to Morrow
for the application of the money placed in his hands, to discharge
the liabilities of the firm; his interest therefore was not equal.
See 1 Wend. 123; 4 Id 457; 4 Hill N. Y. 549; 18 Pick. 29;
3 Hill, 106; 2 Ala. Rep. 100; 12 Peters, 145; 13 Id. 219.

The receipt was higher evidence than the parol testimony of
its contents.

S. F. RICE, contra. When this case was previously here, the
Court held Likens to be a competent witness, which is the law of
this case. Besides the objection was to the competency of Likens
to testify, and not to his evidence when given in.

As the jury have not found that Morrow is not a partner, but
merely that he is not liable, this defeats the entire action, as he
must recover against all, unless he brings himself within the
statute.

ORMOND, J.—The case of Scott v. Jones, 5 Ala. Rep. 694, is an authority in point, that the defendant Likens was a competent witness. In that case, as in this, the witness was a party upon the record—there, as here, a judgment by default had been taken against him, and there as in this case, he was considered competent to prove that his co-defendant was not a partner, because, in establishing that fact, he was fixing a liability entirely upon himself, which otherwise he would have divided with another. The case cited also shows, that in such an action as this, the evidence was admissible under the plea of *non assumpsit.*

It is also urged that Likens was an incompetent witness, because he had received from Morrow a sum of money to extinguish the liabilities of the latter for the firm debts, at the time of the dissolution, and that the testimony itself was incompetent evidence to go to the jury.

It is certainly incontrovertible, that one partner cannot, by any arrangement with his co-partners, shield himself from a liability to a creditor, created whilst he was a member of the firm. It is distinctly stated in the bill of exceptions, that a portion of the account was created whilst Morrow was a member of the firm, and for this amount he was certainly liable to the plaintiffs. The proof that upon the dissolution, Morrow paid to the continuing partners $225 to cover his proportion of the liabilities of the firm, was wholly irrelevant, as he could not by such an act, prevent the creditors of the firm from holding on to his responsibility. Being irrelevant, it should have been excluded, as its tendency was to mislead the jury, and probably did mislead them, as we find they discharged him from all liability, though a part of the account was created before this arrangement was made. For the portion of the account created previous to the dissolution, the plaintiffs were clearly entitled to a verdict.

We can perceive no objection to the introduction of the articles of co-partnership. They provided among other things, for the mode of dissolving the partnership, and of these articles, as well as the fact of the dissolution, it appears from the testimony, the plaintiffs had notice.

These views being decisive of the case, it is unnecessary to consider the other questions argued at the bar. Let the judgment be reversed and the cause remanded.