## DUMAS & Co. v. PATTERSON, ET AL.

1. In a summary proceeding by motion against a sheriff and his sureties, for failing to pay over money collected by the former, the sheriff, if willing to testify, is a competent witness for the plaintiff, to prove that he converted the money, before the persons joined with him in the motion ceased to be his sureties, and thus fix a liability upon the latter instead of their successors, in his official bond. The sheriff, in the event of a recovery, would be liable to either set of sureties, who were made to answer for his default; consequently his interest is balanced.

2. The declarations of a sheriff, made while he is acting officially, in respect to the receipt of money, are admissible against his sureties as part of the *res gestæ;* but if made at a subsequent time, and when he is not acting officially in the matter, they must be regarded as independent declarations, and cannot be received as evidence.

3. Where a sheriff has renewed his bond, so as to have several sets of sureties, those sureties will be liable for his default in not paying over money collected on executions, who were such at the time he converted it; for it is from this latter period, and not its collection, that their liability to suit commences.

4. *Semble.* The conversion by the sheriff, of money collected by him, may be shown by proof of demand and refusal, or of the appropriation of it to his own use; but the mere payment of money collected on one execution to the plaintiff in another, or an appropriation of it by the sheriff to other purposes, will not be regarded as a conversion, so as to subject him or his sureties to a judgment on motion, for the failure to pay it over, if he retains other money ready to be paid over to the plaintiff on demand.

Writ of Error to the County Court of Clarke.

THIS was a motion against Patterson, as the sheriff of Clarke, and the co-defendants as his sureties, for the failure to pay over, on demand, the amount collected by the former on a writ of *fieri facias*, particularly described in the notice.

The cause was submitted to a jury, on a plea which put in issue the liability of the defendants on their bond, for a breach of official duty by the sheriff; a verdict was returned for the defendants, and judgment was rendered accordingly. On the trial, the plaintiff excepted to the ruling of the court. It ap-

pears that the plaintiffs offered to prove by the defendant, Patterson, when he had appropriated the money received by him upon the execution in question, to his own use, and he was willing to testify on their behalf; but the other defendants objected to his giving evidence against them, and he was thereupon excluded.

The plaintiffs then proposed to prove, by a competent witness, the declarations of Patterson, as to the time when he converted the money collected by him, to his own use, but the defendants objected, and thereupon the witness was rejected. The testimony of Patterson, and his declarations were offered, to show that the money collected on the *fi. fa.* had been converted before the defendants, Creagh and Forward, ceased to be sureties on his official bond, by the substitution of a new bond.

PECK & CLARK, for the plaintiffs in error, insisted, that as Patterson had no interest adverse to the defendants, and was willing to be examined, he was a competent witness. [Duffee v. Pennington, use, &c. 1 Ala. Rep. 506.] His declarations were competent, as those of a principal in an official transaction against his sureties. [Townsend and Gordon v. Everett, 4 Ala. Rep. 607.] The evidence was relevant, for if the money collected on the plaintiff's *fi. fa.* was appropriated by Patterson, while his co-defendants were his sureties, and before the new bond was given, then the defendants to the motion would be liable, and not the subsequent sureties. [The Governor, use, &c. v. Robbins, et al. 7 Ala. Rep. 79.]

F. S. BLOUNT, for the defendant. A party to the record cannot, even by a release, be made a competent witness, and can only be made competent by the consent of all real parties in interest. [20 Johns. Rep. 142; 19 Wend. Rep. 353; 12 Peters' Rep. 145; 2 Starkie's Ev. 581, a; Greenl. Ev. 399, 400; 6 Pick. Rep. 464; 4 Wend. Rep. 456-7; 5 B. & C. Rep. 387; 3 Atk. Rep. 401; 2 Camp. Rep. 333-4; 1 Moore's Rep. 332.] If a party is incompetent to testify, his declarations are equally inadmissible.

COLLIER, C. J.—In Duffee v. Pennington, use, &c. 1 Ala. Rep. 506, it was held, upon a very full examination of the authorities, that the defendant might examine the nominal plaintiff as a witness, if the latter did not object. In Scott, surviving partner, &c. v. Jones, et al. 5 Ala. Rep. 694, the admissibility of a party to the record to give evidence, was thoroughly considered, and we then held, that where an action is brought against several persons as partners, and one of them suffers a judgment by default, the latter is a competent witness for the other defendants, to prove that they were not his partners; for a verdict in their favor will not, under the statute, operate a discontinuance of the action as to him. See Turner, et al. v. Lazarus, 6 Ala. Rep. 875. Conceding then, that both the sheriff and his sureties are parties to the record, the cases cited, are quite sufficient to show, that if the sheriff was willing to give evidence for the plaintiffs, he was entirely competent, unless he was interested in fixing a liability upon his sureties. We think it must have been immaterial to him, so far as interest was concerned, whether a liability was fixed upon the one set of sureties or the other; for in either event, he was liable for his default, and could be called on, if able, to indemnify them. He was chargeable primarily, they consequentially; and whether they were successful in their defence or not, it could have no influence upon the motion against him.

The declarations of a sheriff, made while he was acting officially, in relation to the receipt of money, forms a part of the *res gestæ*, and are admissible as a part of the act, and explanatory of it; but if made while he is not transacting official business, or in contemplation of such business to be performed, it is inadmissible. See Bondurant, et al. v. The Bank of Ala., 7 Ala. Rep. 830, and cases there cited. What the sheriff, in the present case, said, in respect to the appropriation of the money collected on the plaintiffs' *fi. fa.* must, in the manner in which the bill of exceptions shows the inquiry was made, be regarded as an independent declaration, referable to no official act; consequently it was rightly excluded.

In the Governor, use, &c. v. Robbins, et al. 7 Ala. R. 79, it was held, that where a sheriff collects money on a *fieri fa-*

*cias*, and renews his bond before it was demanded of him, or he converts the same, the sureties in the latter bond may be charged with his default in failing to pay over the money, if the evidence shows its converson after their bond was received, and before they were discharged from the suretyship. We there said, " all reasonable presumptions favorable to a performance of official duty, are indulged, and it cannot be presumed, from the mere receipt of money on an execution, by a sheriff, that he has converted it. If it had been shown, previous to the execution of the bond in suit, that the principal of the defendants had appropriated the amount collected by him, then the first set of sureties only would have been liable. But the proof does not show such to have been the predicament of this case; the liability to an action does not appear to have been fixed, until after the renewed bond was executed." It is apparent, from this statement of the law, that it was important for the plaintiff to show when the liability of the sheriff attached, that it might appear which set of his sureties were liable. This might be done by proof of a demand and refusal of the sheriff, or of the appropriation of the money to his own use, and when. The evidence then, sought to be elicited from the sheriff, was pertinent, and its rejection a fatal error.

It may not be amiss to say, that the mere payment of money collected on one execution, to the plaintiff in another, or an appropriation of it by the sheriff to other purposes, will not be regarded as a conversion, so as to subject him or his sureties to a judgment on motion, for the failure to pay it over, if he retains other money ready to be paid to the plaintiff, on demand. It may be often difficult to prove a conversion, though it has actually taken place, otherwise than by showing a refusal to pay, yet, notwithstanding the difficulty of making such proof, we are satisfied with what we said as to its effect in the case last cited.

It remains but to add, that the judgment of the County Court is reversed and the cause remanded.