## AICARDI vs. STRANG, MURRAY & CO.

[ACTION FOR PRICE OF GOODS SOLD AND DELIVERED.]

1. *Deposition ; waiver of notice.*—Filing cross-interrogatories, without objecting to the failure to give notice of the residence of the witness and the name of the commissioner, (Session Acts 1859-69, p. 20,) is a waiver of the notice.

2. *Failure to answer cross-interrogatories fully.*—When a substantial answer is given to a cross-interrogatory, and the deposition contains nothing to show that the witness sought to evade a disclosure of facts within his knowledge, his deposition will not be suppressed on account of his failure to answer specifically all the different parts of the interrogatory.

3. *Competency and examination of defendant as witness for co-defendant.*—Where two persons are sued as late partners, for the price of goods sold and delivered to one of them, and a judgment by default is taken against the one to whom the goods were sold and delivered, he is a competent witness for his co-defendant, to disprove the alleged partnership, though he cannot be compelled to testify against his consent; and where the bill of exceptions shows that he was excluded on the plaintiff's motion, and does not show that he objected to testifying, the appellate court cannot presume that he was excluded on account of his own unwillingness to testify.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

THIS action was brought by the appellees, against Antonio Aicardi and Robert J. Travers, as late partners, to recover the price of certain goods sold and delivered to said Travers. A judgment by default was taken against Travers. Aicardi pleaded—"1st, the general issue ; 2d, that the defendants are not, and never have been partners ; and, 3d, the statute of frauds ;" and issue was joined on

Aicardi v. Strang, Murray & Co.

each of these pleas. Before entering on the trial, as appears from the bill of exceptions, the defendant Aicardi moved to suppress the deposition of B. Bowden, "on the ground that no notice had been given to him, or his counsel, of the names or residences of the commissioners;" but the court overruled the motion, because it appeared that he had filed cross-interrogatories to the witness, without objecting to the want of notice ; to which ruling and decision the defendant excepted. The defendant then moved to suppress the deposition, because the witness had failed to answer specific portions of the first cross-interrogatory, and reserved an exception to the overruling of his objection. This interrogatory, and the answer thereto, were in the following words, the italics showing the portions on which the motion to suppress was founded:—

" If you say that any goods were sold by the plaintiffs to the defendants, or either of them, *please give in your answer to this interrogatory a statement of all the goods sold by them, to either of the defendants, since the 1st January*, 1856. State, also, when each of said bills was made, for how much, and by whom. Were any of said bills closed by note ? *If yea, by whose note, and for what amount were they given ? To which of the defendants was each of said bills of goods sold ? by which of them was each paid, and when ?*" — Answer : "I cannot give a statement of all the goods sold by plaintiffs to defendants since 1st January, 1856 ; nor can I state when each of said bills was made, nor for how much, nor by which of the defendants. I cannot do this, because I have not the plaintiffs' books present, nor have I any memorandum that would enable me to make the desired statement. Some of the said bills were closed by note, for the reason given in my direct answers. They were closed by the note of R. J. Travers ; one for about $400, or over ; one for $175 58. He gave other notes, which have been paid by remittances by mail ; and my understanding is, that they were paid by the defendant Aicardi. I have already said, that I cannot state to which of the defendants the different bills were sold ; nor can I state when they were paid."

" During the progress of the trial, Aicardi offered the defendant Travers as a witness, to prove that no partnership had ever existed between them. The plaintiff objected to his being examined, on the ground that he was incompetent ; the court sustained the objection, and would not let said witness be examined ; to which the defendant Aicardi excepted."

The several rulings of the court to which, as above stated, exceptions were reserved, are now assigned as error.

WHITE & PORTIS, for appellant.

D. S. TROY, contra.

R. W. WALKER, J.—In the case of depositions taken upon interrogatories, the statute requires the party taking the same to give the adverse party notice of the residence of the witness, and of the name of the commissioner; and provides that, "on his failure to give such notice, unless waived by the adverse party, the deposition shall be suppressed."—Acts 1859–60, p. 20. The waiver of the required notice may be implied, as well as express ; and it may well be inferred from any affirmative act of the adverse party, amounting to an admission of the right of the party filing the interrogatories to take the deposition upon them without giving the notice. The filing of cross-interrogatories, without objecting to the failure to give the required notice, must be deemed an act of this character. The crossing of the interrogatories would be a work of supererogation, if the adverse party could not properly proceed with the taking of the deposition ; and to permit the deposition to be afterwards suppressed, upon the ground of want of notice, would enable parties to experiment, at the expense of their antagonists, upon the testimony of the witnesses.—See McCreary v. Turk, 29 Ala. 244.

2. All the questions contained in the first cross-interrogatory to the witness Bowden received a substantial answer ; and as we can discover nothing to justify the conclusion that the witness was seeking to evade the dis-

closure of his knowledge of the facts, we think the court did not err in refusing to suppress his deposition on this ground.

3. It is very clear that the defendant Travers, against whom judgment by default had been rendered, was a competent witness for his co-defendant, to prove that they were not partners.—*Scott v. Jones*, 5 Ala. 694; *Gooden v. Morrow*, 8 Ala. 489. It is true that he could not be compelled, against his consent, to testify for his co-defendant; and that the bill of exceptions does not, in express terms, state that he was willing to be examined; but this court will not presume that he was excluded on this ground, when it does not appear that any objection whatever was made by him, but that on his being offered as a witness the court refused to allow him to testify on objection made by the plaintiff.

For this error, the judgment must be reversed, and the cause remanded.