## WILLIAM A. ELGIN *v.* JAMES HILL.

DATE OF CERTIFICATE TO DEPOSITION.—If, at the end of a deposition taken by a Commissioner out of the State, there is a *jurat* giving the date when the deposition was subscribed and sworn to, it is not necessary that the further certificate of a compliance with the four hundred and thirtieth section of the Practice Act should be dated.

DEPOSITION TAKEN BY STIPULATION.—If the parties stipulate that a Commissioner may take a deposition upon written interrogatories, and the stipulation says nothing about the day the same may be taken by the Commissioner, it is not necessary that the Commissioner state in his certificate the day the same was taken.

INTERESTED WITNESS.—One whose interest is equally balanced between plaintiff and defendant is a competent witness.

PURCHASE OF NOTE PAST DUE.—One who purchases a promissory note past due, but which has been paid before the purchase, takes it subject to the defense of payment, even if he was ignorant at the time of his purchase that it had been paid.

APPEAL from the District Court, Seventh Judicial District, Napa County.

The deposition spoken of in the opinion was taken in the Territory of Nevada by a Commissioner for this State, pursuant to the following stipulation :

" It is hereby stipulated and agreed, by and between the parties hereto, that the deposition of Wm. H. James, a resident of Nevada Territory, be taken in answer to the interrogatories, direct and cross, hereto attached, before some person authorized to take depositions, subject to all legal objections and exceptions, except as hereby waived. Notice, order, commission and channel of conveyance are not required to be in accordance with statutory provisions, and all objections to any

omission, informality or irregularity in those regards, are hereby waived.

"Feb. 16th, 1864.        WHITMAN & WELLS, for Plaintiff.
          "WALLACE & RAYLE,
                    "Attorneys for Defendant."

The suit was brought on a promissory note given by defendant Hill to one William Hudson or order, at Napa Valley, on the first day of April, 1859, payable on the 15th day of April, 1859.

The complaint averred the endorsement of the note by Hudson, and that plaintiff Elgin was the owner and holder. The action was commenced September 8th, 1862.

The answer averred that the note was paid by the defendant after it became due, and before plaintiff received it.

The deposition of James tended to show, that after Hudson had received Hill's note, the two firms of W. H. James & Co. and L. H. Murray & Co., who were doing business as merchants in Napa County, purchased the same from Hudson, and gave him their note in exchange therefor, and that afterwards, and about April, 1860, and while the firms still owned the note, Hill paid W. H. James & Co. the full amount due on the note, and that Hill asked to have his note delivered up, but James told him it was at the store of L. H. Murray & Co., and he would get it. Elgin, the plaintiff, afterwards received the note from Murray.

Defendant recovered judgment, and plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Whitman & Wells,* for Appellant.

*Wallace & Rayle,* for Respondent.

By the Court, SANDERSON, C. J.

The Court below did not err in admitting the deposition of W. H. James. The omission of the Commissioner before whom it was taken to append a date to his final certificate, was of

no consequence. At the end of the deposition there is a certificate signed by the Commissioner, in the ordinary form to the effect that the deposition was sworn to and subscribed by the witness on the 5th day of March, 1863. Then follows immediately thereafter, without further date, a further certificate as to a compliance with the provisions of the four hundred and thirtieth section of the Practice Act, which directs the Commissioner to read the deposition to the witness, in order that he may have an opportunity to correct it if any mistake has been made. The two are to be read together, and if it was important to have the date at which the deposition was taken appear, it is clearly and sufficiently shown by the first certificate, and a repetition of the date in the last was wholly unnecessary. But, independent of the foregoing, the date was a matter of no consequence. The deposition, as appears upon its face, was taken pursuant to settled interrogatories direct and cross, and a stipulation between the parties annexed thereto, in which there is no mention of any date at which the same should be taken. The date, doubtless, was designedly omitted, in order that the deposition might be taken at such time as might suit the convenience of the witness and the Commissioner. Such being the case, we are unable to perceive how the date could have been of any consequence to either party, or how its absence from the certificate, had such been the fact, could affect any question as to the admissibility of the deposition.

Nor was the witness James incompetent on the ground of interest. As we understand the evidence the plaintiff received the note in suit in payment of a debt due to him from the firms of W. H. James & Co. and L. H. Murray & Co., of both of which the witness was a member. His interest, therefore, if he had any, was equally balanced between the plaintiff and defendant. If his testimony tended to discharge him from liability to the defendant, it also tended to charge him with liability to the plaintiff, and *vice versa.*

The deposition of James being in, the correctness of the verdict does not admit of debate. The jury could not have

found otherwise without a total disregard of the evidence. The note was paid long before it came into the hands of the plaintiff, and there can be but little doubt but that he knew it had been paid when he received it. But, be that as it may, the note was long past due when he became the holder, and he therefore took it subject to all existing defenses.

The exceptions to some of the instructions upon the ground that they were irrelevant and calculated to mislead the jury, are not well taken.

Judgment affirmed.