# Birmingham Union Railway Co. *v.* Alexander.

*Action against Street Railway Company, for Damages on account of Personal Injuries.*

93 133
f112 107

93 133
124 488
125 590

93 133
137 210

93 133
144 183

1. *Affidavit for deposition; waiver of objection.*—In an affidavit to procure the taking of a deposition, the use of the word *important* instead of *material* (Code, § 2802) *seems* to be substantially sufficient; and if defective or insufficient, the defect is waived by the failure to object when filing cross-interrogatories.

[Birmingham Union Railway Co. v. Alexander.]

2. *Time and place of taking deposition, as shown by commissioner's return.*—Where the caption of a deposition states the place at which it was taken, but the date is left blank, and the commissioner certifies that it was taken and subscribed "at the time and place herein mentioned," dating his certificate ten days after the date of the commission, the deposition will. not be suppressed on account of the blank date.

3. *Contract between defendant and city, and city ordinance, as evidence.* In an action to recover damages for personal injuries sustained by plaintiff, being thrown from his wagon while driving across the track of the defendant street railway company, alleging that the accident was caused by the defendant's negligence in failing to keep its track in a safe and suitable condition, and in allowing its rails to project too far above the surface of the street, in violation of its contract with the city and of a city ordinance, said ordinance and contract are relevant and admissible as evidence for the plaintiff.

4. *Evidence as to condition of railway track.*—Evidence showing that the defendant's track, at the place where plaintiff was injured, did not conform to the requirements of the city ordinance and its contract with the city, at intervals of from one to five months after the accident, is relevant and admissible for the plaintiff, when there is also evidence showing that the condition of the track has remained unchanged since the accident.

5. *Same; other accidents, or passage of other vehicles.*—As relevant to the question whether the defendant's track, at the time and place of the accident to plaintiff, was in safe and proper condition for the passage of vehicles, it would be permissible for plaintiff to prove similar accidents to other persons at or about the same time and place; and, on the other hand, the defendant may prove that other vehicles were constantly crossing under similar conditions, without inconvenience, hindrance, or accident.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by W. S. Alexander against the appellant corporation, to recover damages for personal injuries sustained by plaintiff in being thrown from his wagon while attempting to drive across one of the defendant's tracks in the city of Birmingham. The accident occurred on the 23d June, 1889, about midnight, and the action was commenced on the 3d October, 1889. The complaint alleged, in different counts, that the accident was caused by the defendant's carelessness, negligence and recklessness, in not keeping its track properly surfaced and ballasted for the safe passage of vehicles, and in allowing its iron rails to project too far above the surface, in violation of a city ordinance, and in violation of a duty imposed by its contract with the city, the ordinance and contract each being set out. The cause was tried on issue joined on the pleas of not guilty and contributory negligence, and resulted in a judgment on verdict for the plaintiff, for $1,121. The assignments of error, 20 in all, embrace the rulings of the court below on questions of evidence, charges given, and the refusal of charges asked. The opinion states the points decided, and requires no additional statement of facts.

[Birmingham Union Railway Co. v. Alexander.]

HEWITT, WALKER & PORTER, for appellant.

TALIAFERRO & HOUGHTON, WHITAKER & WHITAKER, *contra*.

WALKER, J,—The defendant filed cross-interrogatories to the witness Biggins, without making any objection to the sufficiency of the preliminary affidavit required by section 2802 of the Code. Before the trial was entered upon, but after the witness had been examined on the interrogatories, the defendant moved to suppress the deposition, on the ground that said affidavit did not show or set forth that the witness is or was material. This motion was properly overruled. The word "important" was used in the affidavit instead of the word "material." It would seem that the meaning of the latter word is included in the former. It is unnecessary, however, to pass upon this question, because the defendant waived the right to raise it by filing cross-interrogatories without urging any objection to the sufficiency of the affidavit. The crossing of the interrogatories, without objection to the affidavit, amounted to an admission of plaintiff's right to take the deposition. The defendant could not thus experiment with a cross-examination, and at the same time reserve the benefit of an undisclosed objection, which should have been then stated if it was relied on for any other purpose than to obtain an undue advantage. *Aicardi v. Strong*, 38 Ala. 326; *Shutte v. Thompson*, 15 Wallace, 151.

The defendant also moved to suppress the deposition on the ground that the time of taking it was not stated either in the caption or elsewhere in the deposition, or in the certificate of the commissioner. The commission bears date the 19th day of March, 1890. The certificate of the commissioner is dated the 29th day of the same month, and the acts set forth in the body of it are stated to have been done "at the time and place herein mentioned." The place is mentioned in the caption. The time is ascertained by reference to the date at the end of the certificate. The reasonable inference from the language used is, that the deposition was taken on that day, and that the date at the bottom of the certificate was the time referred to in the body thereof. Neither party had demanded that the deposition be taken at any particular time. It was competent to execute the commission at any time after its date and before the trial. The time of taking the deposition is sufficiently shown by the certificate of the commissioner, assuming that the statute is to be construed as requiring such showing when neither party has imposed any restriction upon the commissioner in this regard.—*Dearman v. Dearman*, 5 Ala. 202; *Elgin v. Hill*, 27 Cal. 372.

There was evidence tending to show that the plaintiff, in attempting to drive a beer-wagon across the track of the defendant's railway at the junction of First Avenue and Fourteenth Street in the City of Birmingham, was thrown from the wagon and injured. The claim in behalf of the plaintiff was, that when the wheels of the wagon struck one of the rails of the track, instead of passing over it, they were slued or turned from their course, so that they slipped along the track, thus causing a jerk of the wagon to one side and a sudden halt and turn, whereby the plaintiff was thrown to the ground. The accident was attributed to the alleged insufficient ballasting or surfacing of the space next to the rails, so that they projected too much above the street level. In the second count of the complaint there is an averment of the execution by the defendant of a contract with the municipal authorities of the City of Birmingham, whereby provision was made, among other things, for the defendant keeping its street railway surfaced and in good repair and condition, so as to admit of the unobstructed passage of vehicles along and across the streets occupied by the railway. The third count of the complaint sets forth a municipal ordinance regulating the construction, grade and maintenance of railroads in the streets of the city. The defendant took issue upon the complaint, without interposing any demurrer or exception raising the question of the pertinency or relevancy of said contract and ordinance. Said contract and ordinance were admissible to show the duty imposed upon and assumed by the defendant in the matter of keeping its track surfaced and ballasted, and the ties and rails thereon in such condition as to prevent hindrance to the free passage of vehicles.—*Elyton Land Company v. Mingea,* 89 Ala. 521. The proof thereof was clearly within the issue made up by the pleadings. The evidence was in reference to matters alleged in the complaint and controverted by the pleas.

The alleged faulty condition of the defendant's track at the time and place of the accident was made the basis of the charge of negligence. Several witnesses for the plaintiff were permitted to testify as to the condition of the track in reference to the space within and outside of it not conforming to the grade of the street, to the absence of stringers along the rails, and to the rails projecting more than an inch and a quarter above the surface of the track. The defendant excepted to the admission of this testimony, on the ground that the measurements to which the witnesses testified were not made at the time of the accident, but from one to five months thereafter, as variously stated by the several witnesses. There

[Birmingham Union Railway Co. v. Alexander.]

was evidence tending to show that the track was in the same condition at the time the measurements were made as it was at the time of the accident. It would often be impossible for one who has been injured on a railroad track to obtain direct evidence of its condition at the exact time the casualty occurred. But evidence of its condition at a later period, coupled with proof that such condition has remained unchanged since at or prior to the date of the injury, would constitute data from which to form a conclusion as to the condition of the track at the time in question. There is no rule of law requiring the exclusion of proof of facts constituting links in a chain of evidence leading directly to the matter in dispute. There was no error in admitting the statements above referred to.—*Stoker v. St. Louis I. M. & S. R. Co.*, 31 Am. & Eng. R. R. Cases, 229; *Little Rock & F. S. R. Co. v. Eubanks, Ib.* 183.

The *gravamen* of the charge against the defendant was its alleged neglect of the duty to keep its track, at the point where the accident occurred, in such condition as to permit the free and unobstructed passage of vehicles over it. As tending to show performance of its duty in this regard, the defendant undertook to prove that other vehicles did constantly pass over the track at that point and about that time without difficulty or hindrance. The trial court excluded such evidence. In an action to recover damages for injuries received from a fall on a defective side-walk, the fact that other persons fell upon the same walk, while its condition remained the same as when the plaintiff fell, is relevant to show that it was unsafe for use at the time of his fall.—*District of Columbia v. Armes*, 107 U. S. 519. Upon the question whether a fire was, caused by sparks from a railroad locomotive, the fact that passing locomotives of similar construction have on other occasions caused fires at or near the place in question by scattering sparks, is deemed to be relevant.—7 Am. & Eng. Ency. of Law, 60; 8 *Ib.* 8. So, in an action for damages resulting from the negligence of a railroad company in obstructing a highway crossing, it has been held that proof of the fact that other persons were unable to cross, and of the efforts they made to do so, was competent for the purpose of showing the obstructed and unsafe condition of the highway. *Phelps v. Winona & St. Peter R. Co.*, 32 Am. & Eng. R. Cases, 56. It would, therefore, have been competent for the plaintiff to prove that other similar casualties had happened at that crossing, as tending to show a defective condition of the track. On like considerations the defendant should be allowed the benefit of proof that the track as it was at the

[Olds v. Marshall.]

time was constantly crossed by other persons under similar conditions, without inconvenience, hindrance or peril, as evidence tending to show the absence of the alleged defect, or that it was not the cause to which the injury complained of should be imputed. The negative proof in the one case, equally with the affirmative proof in the other, serves to furnish the means of applying to the matter the practical test of common experience. A knowledge of the experience of others who were, in like manner with the plaintiff, brought into contact with the alleged defective structure, may enable the jury to weigh all the evidence before them in the light of the rule that like causes operating under like conditions produce like results. If the question is looked at from the standpoint of common sense, it is plain that one seeking to reach a satisfactory conclusion as to whether or not the defect existed or caused the injury would not reject the aid furnished by the fact that other vehicles were constantly passing over the track at that point without any observable hindrance. The court erred in excluding the evidence upon this subject.

One of the charges given at the instance of the plaintiff imputed culpable negligence to the defendant, if the rails of its track were above the surface of the ground, and in violation of the municipal ordinance of the city of Birmingham. This charge was faulty in that it ignored the defendant's right by virtue of its contract with the city to permit the inside of the rails to project as much as an inch and a quarter above the surface of the track, and also because under it negligence could be imputed to the defendant though the jury should find from the evidence that there was no lack of diligence on its part in keeping the track in proper condition, and that the alleged defect therein could not by the exercise of due care have been discovered in time to prevent the accident to the plaintiff.

It is unnecessary to consider other rulings of the City Court, as the questions involved therein are not likely to arise on another trial.

Reversed and remanded.